172  $\overline{435}$
178  303

# James C. Douglass *v.* Monongahela City Water Co., Appellant.

*Negligence—Contributory negligence—Accident in street—Choice of ways.*

Where a person has a choice of ways it is not negligence for him to choose one way whose dangerous condition he does not know, although he has knowledge by actual previous travel that the other way is safe.

*Negligence—Water company—Contributory negligence—Excavation in streets—Running on cartway—Running to a fire.*

A water company made an excavation in the cartway of a street to repair a water pipe. The repair was completed on the same day, but the excavation was not filled up. The excavation was guarded by barrels, and planks placed on the top of the barrels, and extending to a dirt pile. On the evening of the second day after the excavation had been made, plaintiff in running to a fire struck one of the planks, which gave way, and plaintiff was precipitated into the excavation, suffering serious personal

injuries. The nearest light to the excavation was a street lamp about sixty-one yards distant. The pavement opposite the excavation was being repaired, and was in bad condition, and this was known to plaintiff. *Held,* that the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

Argued Oct. 22, 1895. Appeal, No. 169, Oct. T., 1895, by defendant, from judgment of C. P. Washington County, May Term, 1894, No. 198, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before MCILVAINE, P. J.

At the trial it appeared that on the evening of Monday, July 3, 1893, plaintiff fell into an excavation near the center of Chess street in Monongahela City, suffering serious injuries. The excavation was made on Saturday, July 1, by the defendant for the purpose of repairing a leak in the water pipe. The repair had been completed in the afternoon of Saturday, but the excavation had not been filled up. The hole was about four feet in length, parallel with the curb line, about two and one half feet in width, and from three to three and one half feet in depth. The material removed from the hole was piled at one end of it. Two empty lime barrels were placed, one at each corner farthest removed from the dirt pile. A piece of plank was laid across the end of the opening from one end of the barrel to the other, and planks were laid, one on each side of the excavation, extending from the barrels to the dirt pile. On the evening of July 3, about nine o'clock, plaintiff with two companions while walking on Mead street heard an alarm of fire. Plaintiff and his companions ran down Mead street to Chess street, and turning into Chess street ran up that street, keeping in the cartway; they ran against the barrier surrounding the excavation, the plank gave way and all three were precipitated into the hole. The nearest light to the excavation was about sixty-one yards distant. The pavement opposite the excavation was being repaired and was in bad condition, and this was known to plaintiff. Defendant's points were as follows :

5. The plaintiff, having a choice of two ways, to wit, the sidewalk upon the south side of Chess street, which he knew by actual travel over within an hour before the accident to be safe,

and the roadway, which was subject to risks and dangers, and of which he knew nothing, and having voluntarily- chosen the roadway, was thereby guilty of contributory negligence, and cannot recover. *Answer :* Refused. [1]

8. Under all the evidence in this case the plaintiff cannot recover, and the verdict must be for the defendant. *Answer :* Refused. [2]

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*T. H. Baird, A. M. Todd* and *James A. Wiley* with him, for appellant, cited on the question of negligence, Thompson on Negligence, 761; Allegheny v. Gilliam, 30 Pitts. L. J. 461; Rapho v. Moore, 68 Pa. 404; Burns v. Bradford City, 137 Pa. 361; Barnes v. Sowden, 119 Pa. 53.

Cited on the question of contributory negligence : Ringrose v. Bloomsburg, 167 Pa. 621; Provost v. Water Co., 162 Pa. 275; Laughlin v. Dubuque, 42 Iowa, 730; Robb v. Connellsville, 137 Pa. 42; Harris v. Commercial Ice Co., 153 Pa. 278; Ehrisman v. Harrisburg Pass. R. R., 150 Pa. 180; Wheelahen v. Phila. Trac. Co., 150 Pa. 187; Elliott's Roads and Streets, 448; McCarthy v. Portland, 67 Me. 167; Sindlinger v. Kansas City, 26 L. R. A. 723; McLaury v. McGregor, 54 Iowa, 717; Missouri Pacific R. Co., v. Moseley, 57 Fed. Rep. 921; Herr v. City of Lebanon, 149 Pa. 222; Horstick v. Dunkel, 145 Pa. 220; Com'th v. Allen, 148 Pa. 358; Twp. of Jackson v. Wagner, 127 Pa. 184; Brookville v. Arthurs, 130 Pa. 501; Schaffer v. Jackson Twp., 150 Pa. 145; Keefer v. Hummelstown, 151 Pa. 304; McCauley v. Logan, 152 Pa. 202; 14 Am. St. R. 833 in note; Carroll v. R. R. Co., 12 W. N. C., 348; Lees v. R. R. Co., 154 Pa. 46; Robb v. Connellsville, 137 Pa. 42; King v. Thompson, 37 Pa. 365.

*J. W. Donnan, A. Donnan, J. M. Braden,* and *C. G. McIlvain* with him, for appellee, cited on the question of negligence : Turner v. City of Newburgh, 109 N. Y. 301.

Cited on the question of contributory negligence : McCully v. Clarke & Thraw, 40 Pa. 406 : Erie City v. Magill, 101 Pa.

616; Forker v. Sandy Lake Boro., 130 Pa. 123; Brooks v. Schwerin, 54 N. Y. 343; Barker v. Savage, 45 N. Y., 191; Belton v. Baxter, 54 N. Y. 245; Coombs v. Purrington, 42 Me. 332; Boss v. Lutton, 5 Car. & P. 407; West Chester & Phila. R. R. v. McElwee, 67 Pa. 315; Dickson v. Hollister, 123 Pa. 421.

PER CURIAM, January 6, 1896:

The learned trial judge very properly refused requests for binding instructions from both parties. The testimony tending to prove defendant company's negligence was abundantly sufficient to require its submission to the jury; and that relating to plaintiff's alleged contributory negligence was not of such a character as to justify the court in withdrawing the case from the jury.

The charge as a whole was quite as favorable to the company as it could reasonably ask. The rights and duties of both parties were carefully explained in well guarded language. This was not the case of a traveler voluntarily assuming the risk of known danger. The modification of that doctrine sought by defendant's fifth request for instructions, cannot be regarded as proper. Discussion of the questions involved would serve no useful purpose.· The case was well tried and defendant has no just cause of complaint.

Judgment affirmed.