## Elizabeth J. Smith, Appellant, *v.* The City of New Castle.

*Negligence—Municipalities—Defective street—Evidence.*

One who undertakes to use a public street, knowing that is is unsafe, and knowing the defects which make it so, but not choosing to avoid them, although he could do so by taking another road, cannot recover against the municipality.for an injury resulting from such defects.    With the person having the knowledge of the defects, the choice of the unsafe way is an act of negligence which contributes to the injury and thereby prevents a recovery.

In an action against a city to recover damages for personal injuries caused by a defect in a street of which there was ample evidence, plaintiff testified that she had been living in the city only about four days before the accident; that she had passed along the street on the west side several times, but not on the east side where there was a hole, and that she had never seen the hole or had any knowledge or information concerning it; and that the accident occurred on a dark night.    *Held*, that it was error to enter, and refuse to take off, a compulsory nonsuit.    Del.. Lack. & West. R. R. v. Cadow, 120 Pa. 559, explained and distinguished.

Argued Oct. 13, 1896.    Appeal, No. 99, Oct. Term, 1896, by plaintiff, from order of C. P. Lawrence County, March Term, 1894, No. 61, refusing to take off nonsuit.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Trespass for personal injuries.    Before WALLACE, P. J..

At the trial it appeared that on January 5, 1894, plaintiff was injured by falling into a hole on east side of Jefferson street in the city of New Castle.    The hole was unguarded and without a rail, and had been in the street for a long period of time.

The plaintiff testified that she had been living in New Castle only four days; that she passed on the west side of Jefferson

street several times but never on the east side, and that she had no knowledge of the hole; that the night was very dark, and it was raining a little. Her further testimony was:

" Q. Did you go up Jefferson street and across that bridge on January 5 ? A. I did. Q. Had you ever gone up that street before ? A. Not on that side. Q. Which side of the street did you go up that evening? A. On the east side. Q. You crossed the bridge on the east side then ? A. I crossed to the east side of the street from that side after I crossed the bridge. Q. After you crossed to the east side of the bridge where did you go? A. I went a little ways until I fell into this place— not many steps. Q. What time in the evening was it? A. At 7:30 or 8 o'clock. Q. What kind of a place was this you fell into? A. Three or four feet down, anyway, I think. Q. What direction were you going when you fell—up Jefferson street? A. Yes, towards the Diamond. Q. When you crossed over to the east side of Jefferson street were you on the footpath? A. Yes, I believe I was on the footpath."

On cross-examination, the plaintiff testified :

" Q. And you had gone a number of times up Jefferson street to Hartzell's store ? A. Yes, sir. Q. And had gone in daytime ? A. Yes, sir. Q. And you knew that Jefferson street was paved on the west side up to the Diamond? A. Yes, sir. Q. There was a paved sidewalk? A. Yes, sir. Q. All the way from Miss Morgan's restaurant to the Diamond? A. Yes, sir. It was all paved. Q. From the west side of Jefferson street can you see across Jefferson street to the Diamond? A. I suppose you can if you look over. Q. From Miss Morgan's restaurant going north up Jefferson street to Neshannock creek bridge there is no footwalk on the right hand side? A. I never noticed, particularly."

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*J. Norman Martin,* with him *M. S. Anderson* and *D. F. Anderson,* for appellant. The dangerous condition of this street was not known to plaintiff, and she had a right to recover, notwithstanding the fact that the dangerous condition had existed for a long

time prior to the injury : Nanticoke Borough v. Warne, 106 Pa. 373; Humphreys v. Armstrong County, 56 Pa. 204. Even had plaintiff known of the condition of the street before going over it, the mere fact of having such knowledge would not constitute contributory negligence and prevent a recovery : Shaw v. Philadelphia, 159 Pa. 487; Chilton v. Carbondale, 160 Pa. 463; Gschwend v. Millvale Borough, 159 Pa. 257; Davis v. Corry, 154 Pa. 598.

The city was chargeable with notice of the defect by reason of its long duration : McLaughlin v. Corry, 77 Pa. 109; Born v. A. P. Plank Road Co., 101 Pa. 334; Norristown v. Moyer, 67 Pa. 355.

In considering the case of Del., Lack. & West. R. R. Co. v. Cadow, 120 Pa. 559, the court below overlooked the fact that Cadow was a cripple, and that he hastily undertook to cross diagonally over a railroad track, a place of recognized danger. Nor do Mulherin v. D., L. & W. Ry. Co., 81 Pa. 366, or Moore v. P., W. & B. Ry., 108 Pa. 349, bear any resemblance in their facts to this case, and do not govern in the trial in this case. In Ringrose v. Bloomsburg, 167 Pa. 621, the court below ignored the fact that this court affirmed the judgment for plaintiff and said that to have given binding instructions "would have been manifest error."

The facts in this case are substantially identical with the facts in Douglass v. Monongahela City Water Co., 172 Pa. 435.

*A. W. Gardner*, with him *D. B.* and *L. T. Kurtz*, for appellee.—The measure of plaintiff's duty was that of ordinary care, and that implies the use of such watchfulness and precaution as are fairly proportioned to the danger to be avoided, judged by the standard of common prudence and experience : Shear. & Red. on Negligence, secs. 30, 11; Beach on Cont. Negligence, 4; Haven v. Pitts. & All. R. R., 151 Pa. 620; Robb v. Connellsville Boro. 137 Pa. 42; King v. Thompson, 87 Pa. 365; Dehnhardt v. Phila., 15 W. N. C. 214; Phila. v. Smith, 23 W. N. C. 242; Buzby v. Phila. Traction Co., 126 Pa. 559: Scranton v. Hill, 102 Pa. 378; Johnson v. Wilcox, 135 Pa. 217; Forker v. Sandy Lake Boro., 130 Pa. 124; Lynch v. Erie, 151 Pa. 380. One cannot recover damages for an injury which by the exercise of reasonable care he might have avoided : Del., Lack. &

West. R. R. v. Cadow, 120 Pa. 559; Phila. R. R. v. Aspell, 23 Pa. 147; Reeves v. D., L. & W. R. R., 30 Pa. 454.

It is the duty of courts in cases of clear negligence arising from an obvious disregard of duty and safety to determine it as a question of law: Longenecker v. Penna. R. R., 105 Pa. 328; Pitts. & Con. R. R. v. McClurg, 56 Pa. 294; Lehigh Valley R. R. v. Greiner, 113 Pa. 609; Connerton v. Canal Co., 169 Pa. 339; Scranton v. Hill, 102 Pa. 378.

The statutes confer upon municipal corporations the power to make sidewalks, etc., but whether, and when, councils shall ordain and construct them is a legislative act, and is therefore not mandatory but discretionary: Carr v. Northern Liberties, 35 Pa. 324; McDade v. Chester, 117 Pa. 414; Grant v. Erie, 69 Pa. 420; Monongahela City v. Fischer, 111 Pa. 9.

OPINION BY MR. JUSTICE GREEN, November 9, 1896:

There is no doubt as to the rule that where a person passing on the highway, or on any other place of passage, public or private, has a choice of two ways, one of which is safe and the other unsafe for passage, and the person about to pass, voluntarily and knowingly chooses the unsafe way without any necessity for so doing, he takes upon himself the risks of the passage, and is guilty of contributory negligence: Haven v. Bridge Co., 151 Pa. 620, and many other cases. In Hill v. Tionesta Twp., 146 Pa. 11, we held that one who undertakes to use a public road, knowing that it is unsafe, and knowing the defects which make it so, but not choosing to avoid them, although he could do so by taking another road, cannot recover against the township for an injury resulting from such defects.

But this doctrine involves necessarily the idea of knowledge of the danger on the part of the passing person. With a person having such knowledge, the choice of the unsafe way is an act of negligence, and as the negligence contributes to the injury, the person injured is incapacitated from recovering any damages for the resulting injury. And this too without any regard to the question whether the defendant has been guilty of negligence in maintaining the situation of danger.

In the present case the plaintiff testified that she had only been living in New Castle about four days before the accident; that she had passed along Jefferson street on the west side sev-

eral times, but had not passed along on the east side where there was a hole in the street and that she had never seen the hole or had any knowledge or information concerning it. The night was dark, and there were no barriers or guards to prevent persons from falling in. Shortly before reaching this place she had crossed from the west to the east side of the street, and was proceeding along the east side towards the post office when she fell into the hole and was injured. There was an abundance of testimony to prove the existence of the defect in the street, and if the jury believed the witness she had no knowledge of the defect when she fell in. The learned court below granted a compulsory nonsuit, thus taking the case away from the jury, on the ground that the plaintiff was conclusively guilty of contributory negligence. That this would have been so if she had voluntarily and knowingly left the west side of the street, which she knew to be safe, and gone to the east side which she knew to be unsafe, cannot be doubted. But if she knew nothing about the unsafe condition of the east side, the element which would convict her of contributory negligence is entirely lacking and the ruling would be incorrect. She had a right to presume that the east side of the street would be in a safe condition for travel, and if she had no actual knowledge or notice of its unsafe condition, she was certainly not chargeable with negligence as a matter of law in going to that side. The learned court below in granting the nonsuit, acted upon the authority of the case of Del., Lack. & West. R. R. Co. v. Cadow, 120 Pa. 559, assuming that it controlled the question in this case. But the facts in that case were of an entirely different character from the facts in this, and presented a radically different aspect of the question. There the highway along which the plaintiff was passing was crossed by two tracks of the defendant's railroad, which was a visible and lawful obstruction.

The plaintiff was in the daily habit of crossing the railway tracks on the highway and had a perfect knowledge of the whole situation. The sidewalks on both sides of the street where the tracks crossed them were in good and safe condition and in constant use. The plaintiff on a dark morning left the sidewalk and undertook to cross the rails in a diagonal direction, and in doing so he caught his foot in one of the rails, stumbled and fell, breaking one of his legs. We held him guilty of contribu-

tory negligence because he voluntarily left the safe sidewalk and crossed at a place where he knew there was an obstruction. While he might not have known that the rails were not ballasted up even with the street at the ends of the plank crossing in the street, yet he knew of the presence of the rails across the street and necessarily assumed the risks of crossing that kind of an obstruction. But in the present case the defect in the street was, by its very nature, not a lawful condition of the street, and was not only not known to the plaintiff, but she had no reason to apprehend the presence of any obstruction or any defect of any kind. She cannot be said therefore to have been conclusively guilty of contributory negligence in crossing the street and using the other side for passage. But that question together with the question of negligence on the part of the defendant would have to be determined by the jury. In its facts the case is somewhat analogous to the case of Douglass v. Monongahela City Water Co., 172 Pa. 435.

We therefore sustain the assignments of error and send the case to another trial.

Judgment reversed and new venire awarded.