## Kessler, Appellant, v. Berger.

*Negligence—Use of highway—Pedestrian—Nuisance—Pile of timber.*

While the use of a highway is for passage, that does not prevent the pedestrian from making such stops thereon as business, necessity, accident, or the ordinary exigencies of travel may require. He may not use it as a play ground or for any similar purpose to the extent that it would deny the public the right of transit over it, but that does not deprive him of the right to stop on the street for a reasonable time when illness or fatigue requires it and his stopping does not interfere with or inconvenience other persons in the use of the street.

Where a person piles lumber in a street for no purpose authorized by law, and in such a manner as to make it dangerous, and a boy on his way home from a game of ball sits down near the pile to rest, and the pile without fault on his part falls upon him and injuries him, the person so piling the lumber is liable for the injuries.

Argued Jan. 13, 1903. Appeal, No. 210, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1901, No. 2395, on verdict for defendant in case of Howard Kessler by his father and next friend, Willam J. Kessler and William J. Kessler, in his own right, v. Gustav Berger. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass for personal injuries to a boy thirteen years old. Before AUDENRIED, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

At the trial the court directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*D. Webster Dougherty*, with him *Charles E. Mees*, for appellant.—Defendant maintained a nuisance in the street: North Manheim Twp. v. Arnold, 119 Pa. 380 ; Piolett v. Simmers, 106 Pa. 95 ; Com. v. Allen, 148 Pa. 358; Gates v. Penna. R. R. Co., 150 Pa. 50 ; Penna. R. R. Co. v. McTighe, 46 Pa. 316 ; McNerney v. Reading, 150 Pa. 611.

The plaintiff was lawfully on the highway and using the highway for a lawful purpose : Varney v. Manchester, 58 N. H. 430 ; Gillis v. Penna. R. R. Co., 59 Pa. 129 ; Com. v. Milliman, 13 S. & R. 403 ; Fairbanks v. Kerr, 70 Pa. 86 ; Vallo v. United States Express Co., 147 Pa. 404 ; Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35 ; West Phila. Pass. Ry. Co. v. Gallagher, 108 Pa. 524 ; Kehler v. Schwenk, 122 Pa. 68 ; Greenway v. Conroy, 160 Pa. 185.

*Thomas R. Elcock*, with him *Charles Knittel*, for appellee.— The use of public streets is that of transit only. Loungers who occupy the public highway are obstructions of the public rights of way and are nuisances : P. & R. R. R. Co. v. Hummell, 44 Pa. 375 ; B. & O. R. R. Co. v. Schwindling, 101 Pa. 258 ; Gillespie v. McGowan, 100 Pa. 144.

The plaintiff knew when he went on the unopened street that the lumber was there and his use of it was a trespass : Erie v. Magill, 101 Pa. 616.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1903:

This action was tried before Judge AUDENRIED and a jury in the common pleas No. 4 of Philadelphia county, and at the conclusion of plaintiff's testimony, the defendant's counsel moved the court for a nonsuit. This motion was denied. The defendant declined to offer any evidence and presented a point to the court that " under all the evidence, the verdict should be for the defendant." The record discloses no ruling on the point, but the court charged the jury as follows : " This case is withdrawn from your consideration and upon the law I direct you to find a verdict for the defendant." What legal principles applicable to the facts of the case controlled the learned judge in his summary disposition of the cause do not appear in the record brought to this court. His refusal to grant a nonsuit and his action in directing a verdict for the defendant on the same evidence shortly thereafter, are inconsistent positions. The defeated party has taken this appeal.

The appellee is not in a position to raise the question here as to whether or not Bodine is a city street, if we correctly understand the colloquy which took place between the court and counsel during the trial. The record shows, as we interpret it, that Bodine was conceded to be a street by the court as well as by appellee's counsel, and for the purpose of this appeal we must, therefore, assume it to be a fact. If it was an open question in the court below, it should have gone to the jury.

The case as thus presented is one in which, if the testimony is taken as verity, the jury would have been justified in finding that a child in the lawful use of a public street had been injured by an unreasonable and a dangerous obstruction placed on the street by the defendant. In Commonwealth v. McNaugher, 131 Pa. 55, it is said, quoting from Wood on Nuisances : " Every actual encroachment upon a highway, by the erection of a fence or building thereon, or any other permanent or habitual obstruction thereof, may fairly be said to be a nuisance, even though it does not operate as an actual obstruction of public travel. It is an encroachment upon a public right, and as such is clearly a purpresture and a nuisance." The evidence tended to show that the pile of lumber was of sufficient size and so carelessly and irregularly placed as to make it dangerous. It does not appear to have been placed on the street tem-

porarily for any purpose authorized by law. Nor was there any denial that the defendant placed the obstruction on the street, nor that it had been there for at least a month prior to the time it fell on the boy. Pertinent to the facts of this case is the observation of Mr. Justice CLARK, in North Manheim Township v. Arnold, 119 Pa. 380, that: "the owners of this lumber might perhaps have been privileged to use the street for the temporary purpose of loading or unloading their lumber; this would, perhaps, depend upon circumstances, but it is plain that they had no right to use the highway for the purpose of a board yard."

It was for the jury under the evidence and instructions of the court to determine whether the plaintiff was using the street for a lawful purpose at the time he was injured. He and several other boys had been playing ball in a vacant lot near the place of the accident. After they had finished their game and had left the lot for home, the boys seated themselves on some boards in the street about one foot distant from the lumber pile " to get cooled off." Shortly thereafter the board pile fell and quite seriously injured the plaintiff. The contention of the appellee is that the boy was a lounger and was, therefore, not making a legitimate use of the street at the time he was injured. The boys who were called as witnesses testified that they had finished the game of ball before they took their seats near the board pile to "cool off." They evidently had then left the lot and the inference may well be drawn that at the time of the accident they were en route home and had made a brief stop to rest from the fatigue incident to the game in which they had just been engaged. If such were the fact, it would indeed be a very harsh and rigid rule of law that would declare that the boy was not, under the circumstances, entitled to the rights and protection accorded a traveler on the streets. But such a rule is not supported by reason and therefore should not exist. The use of a highway, it is true, is for passage, but that does not prevent the pedestrian from making such stops thereon " as business, necessity, accident, or the ordinary exigencies of travel may require." He may not use it as a play ground or for any similar purpose to the extent that it would deny the public the right of transit over it, but that does not deprive him of the right to stop on the street for a reasonable time

when illness or fatigue requires it, and his stopping does not interfere with or inconvenience other persons in the use of the street. The plaintiff was not injured by another person or a vehicle using the highway. His act in stopping for a few minutes to rest in the shadow of the board pile did not inconvenience any other person in the use of the street. He was injured while lawfully using the street by an illegal obstruction placed there by the defendant. So far as the testimony discloses, he did not cause the board pile to fall nor did he in any way contribute to the accident. In such a case where the facts are disputed, it is for the jury under proper instructions to determine whether the traveler is making a lawful use of the highway at the time he is injured.

It follows that the learned trial judge should have submitted the case to the jury with instructions as to the rights and duties of each of the parties on Bodine street at the time the plaintiff received his injuries.

The judgment is reversed and a venire facias de novo is awarded.