## Walton v. Philadelphia, Appellant (No. 1).

*Negligence—Municipalities—Hole in cartway—Contributory negligence—Case for jury.*

In an action by a woman against a municipality to recover damages for personal injuries sustained by falling into a hole in the cartway of a city street, the question of the defendant's negligence and the plaintiff's contributory negligence is for the jury, where the evidence tends to show that the accident happened at night at a point where the street was dimly lighted; that the plaintiff was walking on a narrow sidewalk; that in order to avoid the crowd she stepped into the cartway and fell in a hole six or eight inches deep, and from two and a half to three feet in diameter about two feet from the curb, and that the hole had been there from nine months to a year.

Argued Oct. 14, 1913. Appeals, Nos. 69 and 70, Oct. T., 1913, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1911, No. 1,552, on verdict for plaintiffs in case of Jacob Walton and Jacob Walton,

374 WALTON *v.* PHILADELPHIA, Appellant (NO. 1).

Statement of Facts—Opinion of the Court.    [55 Pa. Superior Ct.

Administrator of Emma Walton, deceased, v. City of Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARR, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict for each of the plaintiffs for $250, upon which judgment was entered.

*Error assigned* was in refusing binding instructions for defendant.

*Paul Reilly,* assistant city solicitor, with him *Thomas Boylan* and *Michael J. Ryan,* city solicitor, for appellant, cited: Hopkins v. Williamsport, 25 Pa. Superior Ct. 498; Runkle v. Pittsburg, 238 Pa. 349; McDonnell v. Orinoka Mills, 241 Pa. 61; Smith v. Lehigh Valley R. R. Co., 21 Pa. C. C. Rep. 9; Delaware, Lackawanna & Western R. R. Co. v. Caddow, 120 Pa. 559.

*Henry K. Fries,* for appellee, cited: Bruch v. Philadelphia, 181 Pa. 588; Iseminger v. York Haven Water & Power Co. 206 Pa. 591; Smith v. Jackson Twp., 26 Pa. Superior Ct. 234; Kane v. Philadelphia, 196 Pa. 502; Henry v. Williamsport, 197 Pa. 465; Wall v. Pittsburg, 205 Pa. 48; McLaughlin v. Corry, 77 Pa. 109; Hopkins v. Williamsport, 25 Pa. Superior Ct. 498; Oil City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321; Sellers v. Union Traction Co., 21 Pa. Superior Ct. 5.

OPINION BY MORRISON, J., December 1, 1913:

This action was originally commenced by Jacob Walton and Emma Walton, his wife, for the recovery of damages for an injury alleged to have been sustained by the wife on the evening of March 4, 1911, while she

was passing over a pavement in Unity street in the city of Philadelphia. After the suit was brought and before trial Emma Walton died and the record was amended as indicated by the title of the present case.

At the trial it appeared that upon March 4, 1911, at about eight o'clock P. M., Jacob Walton and his wife Emma were walking westward along the sidewalk of Unity street when they saw some persons a short distance away approaching them on the sidewalk. It appears from the evidence that the walk at this point was quite narrow and at the suggestion of the wife, she and her husband stepped from the sidewalk into the cartway, the husband walking about three feet behind her. When she had taken a few steps she fell at a place where a hole or depression was located in the cartway of Unity street, about two feet from the curb between the sidewalk and the cartway. This hole was described by witnesses as six to eight inches deep and two and one-half to three feet in diameter. There was ample testimony that this hole had been there from nine months to a year and this was sufficient to visit the city with constructive notice that the street pavement needed repair at this place.

The statement of the questions involved and the assignments of error only raise two questions and upon these the appellant's learned counsel ask for a reversal of the judgment: 1. That there was no evidence that the fall of Emma Walton had been caused by the alleged defect in the street. 2. That she was guilty of contributory negligence. The learned counsel for appellant presented a point asking for a binding instruction in favor of the defendant. The learned trial judge refused to so charge and the case was submitted to the jury under a charge which was adequate and impartial. The jury returned a verdict in favor of Jacob Walton, in his own right, for $250, and in favor of him as administrator of Emma Walton, for a like amount. The appellant moved for judgment non obstante veredicto,

which the court refused, and judgments were entered upon the verdicts against the appellant, and the latter appealed to this court.

Upon the first question, as to whether there was sufficient evidence for the jury that Emma Walton· was injured by falling on account of the hole in the pavement, we think there was such evidence and that a jury could infer, properly, that she tripped and fell on account of the hole in the pavement. At the trial Jacob Walton testified: "Q. Did you see what she fell over? A. Yes. Q. What was it? A. A hole. Q. You took her home? A. Yes. Q. Did you go back the next day and examine that hole? A. Yes, the next morning when I went to the drug store. Q. Did you measure it? A. Yes. Q. Tell us what the measure was? A. Six inches deep and about three feet in diameter. Q. How far was it from the curb? A. About two feet. Q. And was it in the cartway or on the pavement? A. On the cartway. Q. And two feet to the south of the curb? A. Yes. Q. What kind of a hole was it? A. It was a pretty rough hole, it was pretty rough."

There was considerable other evidence in the case tending to show that there was such a hole in the pavement and that Emma Walton fell while passing over the hole.

A careful consideration of the testimony leaves us in no doubt but that it was sufficient to warrant the court in submitting to the jury the question of what caused Mrs. Walton to fall at that place: Bruch v. Phila., 181 Pa. 588; Iseminger v. York Haven Water & Power Co., 206 Pa. 591; Smith v. Jackson Twp., 26 Pa. Superior Ct. 234; Wall v. Pittsburg, 205 Pa. 48. It has long been settled that a municipal corporation, such as a city, borough, township or county, is liable for damages arising from the neglect of its officers in not keeping the streets, roads and bridges over which it has jurisdiction, in proper repair: McLaughlin v. Corry, 77 Pa. 109.

We do not think the cases cited and relied upon by

the learned counsel for appellant would have sustained the learned trial judge, under the evidence in this case, in giving a binding instruction in favor of the defendant, on the ground of the insufficiency of the evidence to warrant the jury in finding that the hole in the pavement was the proximate cause of the injury to Emma Walton.

Upon the second question, the contributory negligence of Emma Walton in leaving the sidewalk and walking upon the cartway near the curb, we cannot agree with the learned counsel's contention that this convicted her of contributory negligence. The evidence does not show that she knew of the defect in the cartway nor did she leave a well-lighted way to go upon a known dangerous way. At the time of the accident it was dark, and there was evidence from which the jury could find that the lights in that vicinity were out of order and dim and that the place of the accident was no darker than the sidewalk, and it was to avoid people who were coming upon the narrow sidewalk that Mrs. Walton stepped into the cartway on Unity street, which, so far as the evidence shows, she had a right to believe was smoothly paved and as free from dangerous places as was the sidewalk. It must be conceded that the whole of the street when paved and opened as a public highway is for the purpose of allowing persons to pass thereon either on foot or in vehicles, and one walking on the cartway, in the absence of knowledge to the contrary, would have a right to expect the cartway to be free from dangerous holes and fit for passage generally: Douglas v. Monongahela City Water Co., 172 Pa. 435; Smith v. New Castle, 178 Pa. 298.

We are of the opinion that this case was correctly tried and properly submitted to the jury, and the assignments of error and the able argument of appellant's counsel do not show grounds for disturbing the judgments.

The assignments of error are all overruled and the judgments are affirmed.