## Kilpatrick v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Infant—Case for jury.*

In an action against a street railway to recover damages for the death of a boy ten years old, the case is for the jury where the evidence tends to show that at the place of the accident the defendant company maintained a siding on a paved sidewalk midway between the curb and the building line; that at the time of the accident there were freight cars standing on the siding with a space of six or seven feet between two of them; that the deceased on his way to school, ran, in

play, into the space between the cars, when a shifting engine suddenly forced one car against the other without any signal or warning, killing the boy.

Argued Oct. 9, 1913. Appeal, No. 33, Oct. T., 1913, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1909, No. 486, on verdict for plaintiffs in case of Patrick Kilpatrick and Mary Kilpatrick, his wife, v. Philadelphia & Reading Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiffs' son. Before MAGILL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $1,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Wm. Clarke Mason*, for appellant, cited: Keller v. Ry. Co., 214 Pa. 82; Oil City & Petroleum Bridge Co. v. Jackson, 114 Pa. 321; Widger v. Philadelphia, 217 Pa. 161; Moore v. R. R. Co., 99 Pa. 301; Phila. & Reading R. R. Co. v. Heil, 5 W. N. C. 91; McMullen v. R. R. Co., 132 Pa. 107; Mitchell v. Railroad Co., 132 Pa. 226; Leithold v. Ry. Co., 47 Pa. Superior Ct. 137.

*George Demming*, with him *Evan B. Lewis*, for appellees, cited: Holt v. Penna. R. R. Co., 206 Pa. 356; Lederman v. Penna. R. R. Co., 165 Pa. 118; Hydraulic Works Co. v. Orr, 83 Pa. 332; McNerney v. Reading, 150 Pa. 611; Brown v. White, 202 Pa. 297.

OPINION BY ORLADY, J., December 8, 1913:

This action is brought by the plaintiffs to recover damages for the loss of life of their son, nine years and

ten months old, who was killed shortly after noon on September 20, 1909. The facts are undisputed. The defendant offered no testimony, but submitted a point asking for binding instructions to the jury to find for the defendant, which was refused by the court and a verdict recovered in favor of the plaintiffs in the sum of $1,500. A motion for judgment non obstante veredicto was overruled and judgment entered upon the verdict from which the defendant appeals.

The defendant railroad company had a main line of two tracks laid in the middle of North American street in Philadelphia, and a side track connecting therewith on either side of these tracks. The side track under consideration in this case connected a manufacturing plant with the main line, and was located in the pavement on the west side of the street, parallel with its course and midway between the curb and the building line, between which points the whole space is paved with bricks and is used by pedestrians when there are no cars upon the tracks. At the time of the accident the siding was occupied by two box cars, and a gondola or flat car between them. Between one of the box cars and the gondola car there was a space of six or seven feet, at which place the plaintiff's son was killed by a shifting engine suddenly forcing the box car against the gondola. Several witnesses testified that this child was "caught on the sidewalk"—"right in the middle of the sidewalk," and "that no signal either by bell or whistle had been given," that at the time of the accident two brakemen were walking along the track at the side of the car they were bringing in, and gave no signal, though a witness from across the street noticed the danger of the child and helloed to them.

This child was on his way to school, and halted with other children at the railroad track to watch some men unload freight from the cars; during their stop they were playing on the pavement, and while running between the two cars the boy met his death. The facts in this

case demonstrate the negligence of the railroad company so clearly, that it is difficult to find any excuse for such a disregard of care by moving cars over a pavement in a thickly settled part of the city, without a guard on the front of the moving car and without signal by whistle or bell to announce its occupancy of a pavement crossing. The child was where he had a perfect right to be, being upon the sidewalk of a public street, used by large numbers of people, which relieves him of any suggestion of contributory negligence, independently of his age.

While a partial or temporary use of a side track laid in a pavement may be permissive under municipal regulation, the use of the highway must be exercised under the highest possible degree of care and consideration for pedestrians who have the right to the use of that pavement: Com. v. McNaugher, 131 Pa. 55; Rachmel v. Clark, 205 Pa. 314; Stahle v. Poth, 220 Pa. 335; Kessler v. Berger, 205 Pa. 289. In Peipke v. Phila. & Reading Ry. Co., 00 Pa. Superior Ct. 000, (opinion filed October 13, 1913, after the present case was argued,) the facts were much more favorable to the defendant than in the one now under consideration, in which the Supreme Court say: "It is not a question of plaintiff's contributory negligence, but solely one of defendant's negligence. Was the engine whose tender struck the child operated with due care to public safety considering the time, place, and character of the accident? This was a question the jury only could decide. The accident occurred in broad daylight, at, or hard-by, a public crossing in a city where four children had assembled, one standing directly upon the railroad tracks and the others close by. An engine running backward approached without signal, with the result that the little fellow who stood upon the track was struck and maimed for life and his companions scattered. Assuming that this child was where he had no right to be, it was nevertheless grievous error to hold, that because of this fact the defendant company owed him no higher degree of care than it owed anybody else who was wrong-

fully upon its right of way.   This court has never countenanced any such doctrine, but has repeatedly asserted the contrary." Citing Phila. & Reading Ry. Co. v. Spearen, 47 Pa. 300.

That decision determines the correctness of the conduct of the trial by the court below in submitting the question of the defendant's negligence to the jury.

The judgment is affirmed.