## Clifton, Appellant, *v.* Williams.

*Negligence — Choice of two ways — Contributory negligence — Case for jury.*

Where a person having a choice of two passages, one of which is perfectly safe, and the other is subject to risks and dangers, voluntarily chooses the latter, and is injured, he is guilty of contributory negligence, but if the alternative route has dangers of its own, and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of contributory negligence of the person injured in using it, is a question for the jury.

Where a woman foot passenger walking on the sidewalk of a public street, not familiar to her, is forced by the blocking of the sidewalk by building material, and by a board across the sidewalk, to go with other pedestrians into the roadway and around the obstruction, and enters upon the first open way to return to the pavement, and is injured by the negligent dumping of lumber by a teamster, as she is stepping on the sidewalk, the question of her contributory negligence is for the jury, if it appears that the street traffic at the time consisted of an automobile truck proceeding on the eastbound track on the street, a trolley car going west on the other track, and a milk wagon obstructing the woman's further passage on the roadway.

Argued Oct. 24, 1917. Appeals, Nos. 123 and 124, Oct. T., 1915, by plaintiffs, from judgment of C. P. No. 2, Philadelphia Co., March T., 1913, No. 1785, for defendant n. o. v. in case of Henry P. Clifton and Ella V., his wife, v. R. A. & J. J. Williams Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DOUGHERTY, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for Henry P. Clifton for $300 and for Ella V. Clifton for $950. Subsequently the court on the authority of Haven v. Pittsburgh, Etc., Bridge Co., 151 Pa. 620, entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Thomas James Meagher,* for appellants.—The case was for the jury: Smith v. New Castle, 178 Pa. 298; Musselman v. Hatfield Boro., 202 Pa. 489; Altoona v. Lotz, 114 Pa. 238; Shafer v. Philadelphia, 60 Pa. Superior Ct. 256; Murray v. Penna. R. R. Co., 242 Pa. 424; Clark v. Wm. M. Lloyd Co., 254 Pa. 168.

*Robert P. Shick,* with him *Winfield W. Crawford,* for appellee, cited: Haven v. Pittsburgh, Etc., Bridge Co., 151 Pa. 620; Crescent Township v. Anderson, 114 Pa. 643; Hill v. Tionesta Township, 146 Pa. 11; Lynch v. Erie, 151 Pa. 380.

OPINION BY ORLADY, P. J., March 2, 1918:

The plaintiffs recovered a verdict in the court below, for the husband $300, and for the wife $950; the court on defendant's motion sustained and entered a judgment non obstante veredicto; the plaintiffs bring this appeal. The facts are substantially as follows: Mrs. Clifton was walking in a westerly direction on the southerly pavement on Columbia avenue, one of the principal thoroughfares in the northern section of Philadelphia, and on which there are located two street car tracks. When about half way between Broad and Fifteenth streets her

progress on the pavement was prevented by a large amount of construction material piled thereon, which extended from the building to the curbstone. Special notice of this obstruction was given by a board placed across the pavement to prevent its use by pedestrians. In addition to this there was building material, lumber etc., piled in the roadway next to the curb. When she left the sidewalk to proceed west she walked around the pile of lumber, between it and the southernmost rail of the car track, and after passing the lumber pile turned to resume her walk on the pavement. Beyond the western end of the obstruction on the street a loaded wagon of the defendant was standing, but between it and the lumber pile on the roadway was a clear open space of between three and four feet which she occupied to get back to the pavement. The street traffic at that time consisted of an automobile truck proceeding on the eastbound track, a trolley car going west on the westbound track, and a milk wagon obstructed her further passage on the roadway. As she was stepping on to the pavement from the roadway the defendant's lumber wagon was suddenly and without notice dumped or unloaded by a machine hoist, so as to strike and seriously injure her. There was no employee of the defendant at the rear of the wagon, and the person operating the hoist could not see her from the front,—but there was evidence that the defendant's driver saw her approach the place where she was injured. Other pedestrians, by reason of the conditions which controlled her, had preceded her and were using the same way she did.

The disputed facts were fairly submitted to the jury, no motion for a new trial was made, and the judgment non obstante veredicto was entered on the authority of Haven v. Pittsburgh, Etc., Bridge Co., 151 Pa. 620. This case has been frequently cited and accepted as conclusive authority when the facts are similar. It was there held under the undisputed facts, that where a person, having a choice of two passages, one of which is perfectly safe

and the other is subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover,—and applying this principal to the undisputed facts the court there held, "If the plaintiff had paid but slight heed to her steps she would have discovered the loose plank and avoided it, or if she had simply continued on the perfectly safe course she was pursuing on the roadway, she would not have been hurt. It was her legal duty to do both these things; but she did neither and hence her injury,"—and a judgment for the plaintiff was reversed.

It is often difficult to apply the law to the varying facts of different cases, and say just which case is for the court and which for the jury, but where the risk is relative and not obvious, and the plaintiff exercised reasonable care, it becomes a question of fact for the determination of the jury as to whether there was contributory negligence: Altoona v. Lotz, 114 Pa. 238; Musselman v. Hatfield Borough, 202 Pa. 489. The doctrine announced in Haven v. Pittsburgh, Etc., Bridge Co., 151 Pa. 620, and other cases in which it was followed, involves necessarily the idea of knowledge of the danger on the part of the passing person. With one having such knowledge, the choice of the unsafe way is an act of negligence, and as the negligence contributed to the injury, the person injured is incapacitated from recovering any damages for the resulting injuries. But this implies that there is a reasonable choice of two ways, one of which is safe and one unsafe, and the person about to pass, voluntarily and knowingly chooses the unsafe way without any necessity for so doing and then takes upon himself the risks of the passage. This is a bar to recovery: Smith v. New Castle, 178 Pa. 298. If the alternative route has dangers of its own, and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of the contributory negligence of a person

injured in using it is a question for the jury: Mellor v. Bridgeport, 191 Pa. 562.

Applying the rule laid down in the above and many similar cases to the undisputed facts of this case, clearly distinguished it from Haven v. Bridge Co., supra, on which the court below relied. It does not appear that Mrs. Clifton was familiar with this obstruction prior to her walking on Columbia avenue on the day of the accident. The pavement was barred by a board across it, to her further progress. Pedestrians were walking in safety around this obstacle which extended into the roadway, and as these persons had done, she passed in safety the lumber pile, and entered upon the first open way to return to the pavement. The loaded wagon, which was then standing west of this opening was no indication of danger, and as she was stepping on to the pavement the defendant's driver suddenly and without notice released his load by an appliance at the front part of the dump-wagon, without paying any regard to the presence of a pedestrian behind it, where the unloosed load of lumber would be discharged. The jury could well hold that it would be an unreasonable exaction to expect her to reverse her steps and walk back to Fifteenth street, and then cross Columbia avenue to the other side, in order to proceed west when she saw that other pedestrians were using in safety the way she adopted. Further, her passage was barred in crossing the avenue by moving cars, drays and automobiles. Whether in the light of her immediate surroundings she was guilty of contributory negligence, was a question for the jury, to which it was fairly, adequately and properly submitted.

The judgment is reversed, and it is directed to be entered in favor of the plaintiff on the verdict.