Geiger et al. *v.* Dowdy et al., Appellant.

Argued October 19, 1933.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles E. Kenworthey,* and with him *Benjamin O. Frick,* for appellant.

*Raymond A. White, Jr.,* for appellees.

OPINION BY PARKER, J., February 1, 1934:

Actions in trespass to recover damages for personal injuries sustained in an automobile collision were instituted by Amy R., Emily G., and Mary E. Geiger against James H. Dowdy and the Bell Telephone Company of Pennsylvania. That company has appealed from judgments entered on verdicts for each of the plaintiffs, and the refusal of the lower court to enter a judgment for the defendant is the subject of the sole assignment of error in each case. The cases were tried together and will be disposed of in one opinion.

As the controversy involves the sufficiency of the evidence to support the verdict, it is necessary to refer to the testimony in some detail and in doing so we must view the testimony and reasonable inferences to be deduced therefrom in a light most favorable to the plaintiffs. The appellant, by at least two of its employes, was engaged in removing a limb from a tree, the base of which was located about twelve feet south of the south line of a concrete pavement on a public road between Boyertown and Reading. These employes had parked a truck of the defendant company off the concrete on the south side of the road and attached a rope to the limb, which extended halfway across the road.

On February 2, 1932, the plaintiffs, a mother and two daughters, residents of Philadelphia and passengers in a vehicle for hire driven by the defendant Dowdy, were on their way to a funeral at some distance from their home. After leaving Philadelphia it began to snow, and at the time of the accident the snow was heavy and of the kind that "clung to the windshield," and there was from a half to one inch

of snow on the road. As they were moving west on the public road at about 10 a. m., just as they passed over the brow of a hill and while the car was being driven at a rate of twenty to twenty-five miles an hour, they observed the truck of the defendant. One of plaintiffs' witnesses thus described the situation: "Just as we turned and came over the hill, which I would say was about seventy feet from the truck. We came down the hill, and as we neared the truck, I saw the rope across the road, and the man was standing to my right. ...... Then, I noticed a man coming back—from back of the truck and he had a red piece of material in his hand. Sort of a flag in his hand." She further testified that they had been driving on their own side of the road in a straight line; that she saw the rope when thirty-five feet away from the truck and that the rope was high enough to pass under on the left side but not on the right. When interrogated as to why they did not go to the left, she said: "We could have gone to the left, if the red flag had not appeared on that side."

The defendant, Dowdy, called as on cross examination, testified that when thirty to fifty feet from the truck, he saw a man walk from behind the truck with a rope or cable in his hand and that he had in his other hand a stick with a red rag, or flag, on it; that the man backed into the road and when the driver was fifteen or twenty feet from the truck he waved the red flag; that as soon as he saw the man he shut off his power, but that when the man backed into the middle of the road he put on his brakes and skidded with the resulting damages. While the driver of the car had chains in the car, they were not on the tires at the time of the accident.

As the plaintiffs were passengers for hire in a car operated by the owner, no question of contributory negligence arises, and in fact the appellant does not

so claim. The sole question argued by the appellant is whether there was sufficient evidence of negligence on the part of the telephone company to support the verdict. The appellees alleged as the basis of their claims the stretching of ropes on and across the highway, the failure to give sufficient and timely warning of the obstruction, and the sudden rushing of one of the employees of the defendant company in front of the car causing the driver to swerve from his course, skid, and collide with the truck. Highways are primarily for public travel and as a consequence must be kept in condition reasonably safe for use by vehicles, including automobiles. Any person who leaves a dangerous obstruction in a public highway may be held liable for an injury caused thereby. At times it is necessary and proper for municipalities, public service companies, and private individuals to obstruct the public roads and streets, but then it is the duty of the one making repairs or engaged in such extraordinary use of the highways to give warning of the dangerous condition created. Ordinarily it is for the jury to say just what warning should be given under the circumstances of the particular case. That which would be sufficient warning on a clear day might not be at night. The appellant apparently recognized this duty, for its employees had placed a warning sign on the highway to the west, but failed to place any similar sign to the east, the direction from which plaintiffs came. It was the duty of the company by its employees to take into consideration the snow storm that was prevailing and know that vision would be somewhat obscured; that under the conditions prevailing an approaching car could not be stopped as suddenly as on a dry pavement; and that the obstructing rope might not be seen in time to avoid a collision with it. As was said by then Mr. Justice FRAZER in Clamper v. Phila., 279 Pa. 385, 124 A. 132; "We cannot say, however, as matter of law, that a

rope stretched at such distance [four to six feet] above the highway as to be out of the range of the direct rays of the headlights of automobiles was such barrier as a traveler in the exercise of ordinary care was bound to notice.'' While that accident occurred at night, here it was during a heavy snow storm and the rope might not have been seen by a reasonably prudent person in time to avoid an accident.

It is a matter of common knowledge that a car driven with reasonable care may skid and that a car suddenly brought to a stop has a tendency to skid and get out of the control of the driver, particularly when the pavement is wet. It is likewise well known that in a driving snow storm vision is obscured and one exercising even great care may not be able to see obstructions or unusual movements. Under the facts as the jury found them, the driver was prevented from driving on his own side of the road by the rope, and an employee of the defendant company placed himself in such a position that passage could not be made to the left. The jury might properly have found that reasonable care required the appellant's employees to hold the rope in a different position, to have given more timely warning and not at a late time signal to make a sudden stop. We are of the opinion that the facts presented a question for the jury which has found for the plaintiffs.

Counsel for appellant urges that there was no proof that the man who gave the warning was an employee of the appellant. This overlooks the fact that the employees testified that they were at this place as employees of the appellant, engaged in trimming trees, and had a rope attached to the tree which was being held by one of them. True they said they were on the south side of the road, but no one else was there. The parties differ only as to their location and what they did. The only reasonable inference is that the persons who were seen by the occupants of the car were those

same employees, although the jury by their verdict have placed them in a different position than that claimed by the appellant.

Neither can we say as a matter of law that it was negligence to drive without chains. While a finding of negligence may be based on the failure of an automobile driver to equip his machine with chains, the absence of chains does not show negligence as a matter of law under ordinary circumstances: 3 Huddy Automobile Law 131.

There was ample evidence from which the jury could have found not only that the defendant was negligent, but that the negligence of the telephone company was a proximate cause of the accident.

The judgments of the lower court are affirmed.