## Kolb et al. *v.* Isenberg, Appellant.

Argued October 1, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Thomas E. Comber,* for appellant.

*Louis Matkoff,* with him *Herman A. Becker,* for appellees.

OPINION BY RHODES, J., November 11, 1942:

This action of trespass was brought by plaintiffs, husband and wife, against Victor Isenberg, individually and trading as the Royal Auto Supply Company, (hereinafter referred to as defendant), and Nick Vicarrio, an employee of defendant, to recover damages for injuries sustained by wife plaintiff. Plaintiffs, in their statement of claim, to which no affidavit of defense was filed, alleged that as wife plaintiff was crossing Tudor Street near Frankford Avenue, in the city of Philadelphia, she suffered injuries when she fell over the handle of an automobile jack which protruded from underneath

an automobile parked along the curb of the street. At the close of the testimony plaintiffs suffered a voluntary nonsuit as to Vicarrio. Defendant's request for binding instructions was refused. The jury found in plaintiffs' favor. Defendant's motion for judgment n.o.v. was overruled, and judgments were entered on the verdicts. These appeals followed.

The assignments of error are based upon the refusal of the court below to grant defendant's request for binding instructions and motion for judgment n.o.v. Defendant submits the usual contentions that there is no evidence of his negligence, and that wife plaintiff was contributorily negligent.

After a careful examination of the evidence in a light most favorable to plaintiffs, and giving them the benefit of every inference of fact pertaining to the issues involved, which may reasonably be deduced from the evidence, we conclude that the issues were for the jury, and that the judgments must be affirmed.

The accident which resulted in the injury complained of occurred on March 1, 1940, at about 5 p.m. The sky was overcast and darkness was approaching.[1] Wife plaintiff was walking in an easterly direction on the north sidewalk of Tudor Street toward Frankford Avenue. She stopped a moment to talk to Vicarrio who was on the same sidewalk about fifteen feet away from the curb line; she then turned south to go across Tudor Street about twenty-five feet from the intersection, and in doing so walked in front of an automobile parked at the north curb about fifteen feet behind another automobile. She had taken three steps away from the curb when she tripped over an obstruction which she later discovered was the handle of an automobile jack. The handle was approximately an inch in diameter, it protruded four feet from the front

---

[1] Wife plaintiff testified: "It was going on toward dark, it was getting dark. It was over-cast all day."

of the automobile, and it was about three inches above the surface of the street. Vicarrio had placed the jack under a customer's automobile for the purpose of putting two new tires on the front wheels. Defendant's place of business was located at the southwest corner of Tudor Street and Frankford Avenue. The ownership of the jack and the agency of Vicarrio were admitted by defendant. Wife plaintiff testified that she was looking where she was walking, that previous to her fall she was unaware of the obstruction, and that she did not know Vicarrio was working on the automobile. No warning was given to her by any one. She further testified that the color of both the jack handle and the asphalt surface underneath it was black.

Wife plaintiff had a legal right to cross the street elsewhere than at a regular crossing or intersection if she exercised the requisite care in doing so, and she cannot be held to be negligent as a matter of law merely because she attempted to cross the street between the regular crossings. *Joannides, Adm'x, v. Norris,* 146 Pa. Superior Ct. 488, 23 A. 2d 53; *Pinto v. Bell Fruit Co., Inc., et al.,* 148 Pa. Superior Ct. 132, 24 A. 2d 768. Defendant had placed upon the street an unreasonable and dangerous obstruction; no safeguard against injury to pedestrians had been provided; and it should have been anticipated that a pedestrian crossing the street might be injured under conditions such as are here presented. The automobile jack was not placed there for any purpose authorized by law. On the contrary, section 45 of the Traffic and Parking Ordinance of the City of Philadelphia provides: "No vehicle shall stand on any street or sidewalk for the purpose of washing, greasing or repair work, except in case of emergency." One of its purposes, as stated in its title, is "regulating traffic, including parking, and the operation of vehicles ...... upon the public streets." No reason existed that excused defendant or

palliated his conduct in changing tires on a public street. As the court below observed: "In the instant case, defendant was using the street not for transit or travel but as part of his shop, though not even in front of or alongside it. There was no necessity for putting the two new tires on the automobile where it was parked in the street. There had been no accident, no puncture or blow-out, and there was no exigency or emergency to justify the work being done on the public highway. ...... The question of defendant's negligence under the conditions prevailing at the time was properly one for the jury to determine." See *Geiger et al. v. Dowdy et al.*, 111 Pa. Superior Ct. 485, 489, 170 A. 420; *Kessler v. Berger*, 205 Pa. 289, 54 A. 887; *Douglass v. Monongahela City Water Co.*, 172 Pa. 435, 34 A. 50; *Powell v. Wilhelm*, 49 Pa. Superior Ct. 268.

Whether wife plaintiff was contributorily negligent was, under the circumstances, a jury question. There is testimony which plainly indicates that she was cautious and was looking where she was walking, and that the jack handle was not readily observable due to its size, the degree of darkness present, and its similarity of color with the asphalt street. The jury could very well find that she was exercising such care as an ordinarily prudent person would use to avoid obstructions placed in the street by third persons. Certainly we cannot say as a matter of law that she was guilty of contributory negligence. See *Carton et vir. v. Philadelphia*, 146 Pa. Superior Ct. 381, 22 A. 2d 603. The facts in the present case are readily distinguishable from those cases where it has been held that a pedestrian was bound to see what was plainly visible to him if he exercised reasonable diligence.

The assignments of error are overruled.

Judgments are affirmed.