## Farrell v. Boggs & Buhl, Inc., Appellant.

*Negligence—Automobiles — Collision — Negligence of driver— Question for jury.*

The question of negligence of defendant's chauffeur as the cause of a collision in which the plaintiff sustained injuries while a passenger in defendant's autobus, is for the jury where there is evidence that the chauffeur saw the automobile truck with which he came in contact 45 feet away, coming out of an alley across his way; that he could have stopped within a few feet, but did not slacken his speed or give any signal, and that the machine he was driving ran into the side of the truck.

Argued Oct. 18, 1918.   Appeal, No. 108, Oct. T., 1918, by defendant, from order of C. P. Allegheny Co., July T., 1916, No. 1669, refusing defendant's motion for judgment n. o. v. in the case of Rose T. Farrell v. Boggs & Buhl, Inc.   Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ.   Affirmed.

Action in trespass for personal injuries sustained while a passenger in defendant's autobus as a result of collision.   Before SHAFER, P. J.

Verdict and judgment for plaintiff for $3,700.

The court refused a motion for judgment for defendant n. o. v. in the following opinion by SHAFER, P. J.:

The action is against the owners of a department store for injuries alleged to have been caused by the negligence of the driver of an autobus operated by them in connection with the store.   The defendant claims that the plaintiff failed to make out a case in two respects: (1) that there was not sufficient evidence to go to the jury of negligence on the part of their chauffeur; and (2) that it did not sufficiently appear that the injury complained of was caused by the accident.

As to the negligence, the jury was instructed that under the circumstances of the case the defendant was liable for that degree of care which a carrier of passengers owes to them.   The defendant contends that this instruction was erroneous.   If there had been no evidence to go to the jury other than the presumption arising from the accident, which was a slight collision with another automobile, this would present a case not free from difficulty and the instruction might possibly have been ground for a new trial, which is not moved for.   The only question under the present motion is whether there was evidence from which the jury could find that the defendant was negligent.   As to this, there was evidence from which the jury might well infer negligence.   There was evidence that defendant's chauffeur saw the other automobile with which he came in contact, forty-five feet

FARRELL *v.* BOGGS & BUHL, INC., Appellant.  223

away, coming out of an alley across his way, and that he could have stopped within a few feet but did not slacken his speed or give any signal and that the autobus ran into the side of the other automobile.

As to the injury complained of having been caused by the accident, the case is one which could not have been taken from the jury, although in our opinion the verdict was greatly against the weight of the evidence and a new trial would probably have been granted if asked for.

Being of opinion, therefore, that the case was one in which the evidence was such as required its submission to the jury, the motion is refused.

It is ordered that judgment be entered on the verdict, upon payment of the verdict fee.

Defendant appealed.

*Errors assigned* were refusing defendant's point for binding instructions and refusing defendant's motion for judgment n. o. v.

*W. A. Griffith,* with him *John J. Kennedy, B. J. Jarrett,* for appellant.—The case in hand we think belongs to the sudden emergency class of cases, and should be ruled under the law as laid down in the following cases: Downey v. Pittsburgh Rys. Co., 219 Pa. 592; Sekerak v. Jutte, 153 Pa. 117; Eastburn v. U. S. Express Co., 225 Pa. 33; McKee v. Harrisburg Traction Co., 211 Pa. 47.

Each had the right to assume the other would use due care: Bell v. Jacobs, 261 Pa. 204.

In order to maintain the verdict the plaintiffs are bound to point to evidence which would justify men of ordinary reason and fairness in saying that the defendant's driver, if he had exercised ordinary care, could have avoided this accident: Eastburn v. U. S. Express Co., 225 Pa. 33.

*H. Fred Mercer,* for appellee.—A storage and transfer company which hauled and stored furniture in its stor-

agehouse was held to be a common carrier: Lloyd v. Haugh, 223 Pa. 148, pp. 153-155.

The operator of taxicabs is held to be a common carrier: Donnelly v. Philadelphia & Reading Ry. Co., 53 Pa. Superior Ct. 78.

An automobile company which rents automobiles by the hour is a common carrier: Neumiller v. The Acme Motor Car Co., 49 Pa. Superior Ct. 183.

The rule of respondeat superior applies: Wallace v. Keystone Automobile Co., 239 Pa. 110.

The case was for the jury: Anderson v. Pittsburgh Rys. Co., 251 Pa. 517; Rauch v. Smedley, 208 Pa. 175.

PER CURIAM, January 4, 1919:

The complaint of the appellant is that this case was submitted to a jury. No complaint is made of the charge if it was for their consideration, and there is no assignment alleging error in the admission or rejection of testimony. That the injuries sustained by the appellee resulted from the collision of appellant's automobile bus, in which she was riding, with a truck, was a fact fairly to be found from the testimony, and that the question of the negligence of appellant's chauffeur as the cause of the collision was for the jury clearly appears in the opinion of the learned court below denying the motion for judgment non obstante veredicto.

Judgment affirmed.