# Forsyth *v.* Goldes, Appellant.

*Negligence—Collision—Automobile and bicycle.*

In an action to recover damages for injuries, resulting from a collision between plaintiff's bicycle and defendant's automobile, the case is for the jury, and verdict will be sustained, where the evidence is sharply contradictory, the plaintiff testifying that the defendant did not have his machine under proper control, and the defendant alleging that the plaintiff ran into his automobile, and the only two witnesses are the parties to the suit.

Argued Oct. 22, 1918.    Appeal, No. 203, Oct. T., 1918, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1917, No. 5382, on verdict for plaintiff in case of James R. Forsyth v. Samuel Goldes.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $500 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment in favor of defendant n. o. v.

*Joseph Gross,* for appellant.

*David S. Malis,* for appellee.

OPINION BY HENDERSON, J., April 21, 1919:

The assignments of error are based on the insufficiency of the evidence to sustain the judgment.    The action was brought to recover damages for an injury sustained by the plaintiff resulting from a collision with a motor truck

driven by an employee of the defendant. The plaintiff was riding on a bicycle and proceeding northwardly on the right-hand side of Emerald street. The motor truck was moving westwardly on Willard street which crosses Emerald at right angles. The plaintiff when arriving at the intersection of the streets observed the motor truck coming rapidly on Willard street and turning southwardly toward Emerald street. To avoid the truck the plaintiff as alleged by him turned sharply to the right near to the south curb of Willard street and when a few feet eastwardly of the east line of Emerald street was struck by the motor truck, thrown violently against the curb and seriously injured. The driver of the truck alleged that the plaintiff ran into the side of the truck and was in that way thrown from his bicycle; that the accident occurred in the middle of the street and not close to the curb. The only witnesses called to describe the accident were the plaintiff in his own behalf and the driver of the motor truck in behalf of the defendant. From their testimony it became necessary for the jury to ascertain whether the motor truck in describing the curve necessary to make the turn into Emerald street crossed from the north to the south side of Willard street so close to the east line of Emerald street as to strike the plaintiff's wheel. The conclusion of the jury on this point would be decisive of the case for the plaintiff or the defendant. The learned trial judge observing the bearing of the evidence said in the charge "But did he (the plaintiff) run into the automobile or did the automobile run into him? That is the real point in this case. And it is a very simple matter, it seems to me, a question that is answered by a quiet consideration of the location of these vehicles." This was wholly a question of fact for the jury. If as alleged by the plaintiff the driver of the truck came so rapidly across the street from the north to the south side as to prevent the plaintiff from escaping from the perilous situation in which he found himself a verdict might well be given against the defendant. The case was

fully, clearly and fairly submitted to the jury and we are unable to find after a careful examination of all the evidence sufficient warrant for holding that the plaintiff was guilty of contributory negligence or that the defendant's driver was free from negligence. The testimony was sharply contradictory as to the place where the accident occurred and the manner in which it did occur and the jurors who saw and heard the witnesses were better able to determine the facts in the case than are we from an examination of the printed testimony.

The assignments are overruled and the judgment affirmed.