# Wolf et ux., Appellants, *v.* Sweeney.

*Negligence—Automobiles—Side collision between motor truck and automobile—Passenger—Contributory negligence—Case for jury—Appeals—Act of July 7, 1913, P. L. 672.*

1. On an appeal from a judgment on a directed verdict for defendant, the appellate court, in considering the correctness of the action of the court below, must examine the evidence in the light most favorable to plaintiff.

2. The driver of an automobile is not necessarily without responsibility because he drives his car on the right side of a traveled road within the speed limit fixed by the act of assembly.

3. He must not, under the Act of July 7, 1913, section 14, P. L. 672, operate his vehicle recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of a highway, or so as to endanger property or the life or limb of any person.

4. The contributory negligence of the driver of an autobus cannot be imputed to a passenger, injured by the act of the driver of a motor truck, who in passing the bus at a narrow point in the highway negligently swerved his car and ran into the bus.

5. In such case, the negligence of the driver of the motor truck is, under all the circumstances and the conflicting testimony, a question for the jury.

Argued March 1, 1921. Appeals, Nos. 244 and 245, Jan. T., 1921, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1918, No. 540, on verdict for defendant in case of John D. Wolf et ux. v. John J. Sweeney. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned,* inter alia, was above instructions, quoting them.

*M. J. Geraghty,* of *Ranken, Geraghty & Smith,* for appellant.—The case was for the jury: Thorne v. Transit Co., 237 Pa. 20; Duffy v. Water & Power Co., 233 Pa. 107; Donnelly v. Ry., 53 Pa. Superior Ct. 78; Fow v. Adams Express Co., 68 Pa. Superior Ct. 345; Azinger v. R. R., 262 Pa. 243; Milligan v. Ry., 261 Pa. 344; Cody v. Venzie, 263 Pa. 541; Young v. Transit Co., 248 Pa. 174; McCaughey v. Am. Ice Co., 45 Pa. Superior Ct. 370; Bradican v. Ry., 260 Pa. 555.

*W. W. Smithers,* for appellee, cited: Presser v. Dougherty, 239 Pa. 312; Car Co. v. Kinderman, 216 Fed. 499.

OPINION BY MR. JUSTICE SADLER, March 21, 1921:

This action is against the owner of a motor truck for injuries alleged to have been caused by the negligence of the driver. The plaintiff was a passenger in an autobus being driven north toward Philadelphia. She was seated, with others, on a bench extending along the left side of the car. While proceeding at a moderate rate of speed, on the right side of the road, about two feet distant from the eastern line, the bus was met by the truck of the defendant coming rapidly from the opposite direction. The first car was climbing the grade while the second was descending. The traveled roadway, at the point of contact, was about thirty feet in width, but the western side was occupied by a trolley track, and obstructed by the excavations for a parallel line, thus leaving clear for passage of the two motors a space variously estimated at from sixteen to twenty-five feet. The front of the cars passed safely, but the rear portion of one struck the rear of the other, due apparently to a turn in a southwesterly direction by defendant's driver. The engines of the two machines were about two feet distant when they first met, but an overhang of six or eight

inches, forming the back-rests for passengers, on each
car, brought the seats above in closer proximity. The
result of the sudden swinging of defendant's car was to
cause its rear portion to come in contact with the last
four passengers seated in the other car, one of whom was
Mrs. Wolf. The plaintiff alleged negligence, as a result
of which the injury occurred. A verdict was rendered
in her favor; but, on motion, a new trial was awarded.
Upon the conclusion of the second hearing, binding in-
structions were given for defendant.

In considering the correctness of the action of the
learned court below, the evidence must be examined in
the light most favorable to the plaintiff (Backstrom v.
Kaufman Dept. Stores, 266 Pa. 489); and the facts, as
narrated above, have been set forth with this legal prin-
ciple in view. There was contradiction as to the width
of the road, the point at which the collision took place,
the speed of the respective cars, and the conduct of the
drivers of each, but at present we are concerned solely in
determining whether there was any evidence to submit
to the jury, which if believed, would justify a recovery.

The driver of an automobile is not necessarily with-
out responsibility because he drives his car on the right
side of a traveled road within the speed limit fixed by
the act of assembly. He must not operate his vehicle
"recklessly, or at a rate of speed greater than is reason-
able and proper, having regard to the width, traffic and
use of the highway, or so as to endanger property, or the
life or limb of any person": Act of July 7, 1913, section
14, P. L. 672. The road on which the cars met was
heavily traveled; as stated by a witness for the defend-
ant: "A man would be crazy to go very fast." There was
testimony which, if believed, would justify a finding that
the defendant's bus was moving, on a down grade, at the
rate of twenty-five miles an hour. The collision occurred
in the late afternoon of a clear day, and the driver
could see the other car approaching for at least 500 feet.
The point where the passing of the vehicles must neces-

sarily take place was observable. Practically one-half of the road had been torn up in the construction of a trolley track, and the passageway consequently narrowed—the result being to require more caution in driving. The car in which the plaintiff sat was within two feet of the eastern edge of the road, and that of the defendant one to two feet from the portion torn up for the trolley. It was, therefore, possible for the latter to move farther to the west; it was also possible for the driver of the first car to move farther to the east, and the jury might have found that he was in equal fault in not so acting, and was consequently guilty of contributory negligence; but such finding would not have affected the plaintiff, who was a passenger, and to whom the lack of care of the driver could not be imputed under the circumstances disclosed.

Particularly was care required in attempting to pass in the restricted space, because of the extension of the seats upon which the passengers of the respective cars were sitting; according to testimony offered, this projection was from six to twelve inches in the case of each motor. In giving binding instructions for the defendant, the learned court below lays stress upon the testimony as to this overhang, and seems to have been moved to the conclusion that the plaintiff was depending for his proof of want of care upon testimony as to this fact, which had not been alleged as a ground of negligence in the statement filed; but the claim of the plaintiff did not rest upon such basis. The existence of this projection was a matter which it was the duty of the driver of the car to consider, when the effort was made to pass on the narrow road; and the foundation for the action was the failure to use such care in the operation of the motor as a reasonably prudent man should exercise, under all the circumstances of the case.

The driver of plaintiff's car was not bound to anticipate any lack of skill in operation by the employee of the defendant: Simon v. Lit Bros., 264 Pa. 121. Had both

machines continued forward in a straight line when passing, the clearance would have been made. It was the sudden shifting of the car of defendant to the southwest which threw the back portion of it against the plaintiff. Each party placed the blame of the collision on the other; possibly both were at fault; but, as already noticed, the wrong, if any, of the chauffeur of the first car, could not affect the plaintiff in the present case. Whether the driver of the defendant acted, as would a reasonably prudent man under like conditions, was a fact for the jury, and to it the question should have been submitted: Farrell v. Boggs & Buhl, 263 Pa. 221; Forsyth v. Goldes, 71 Pa. Superior Ct. 437; Brown v. Winelander, 73 Pa. Superior Ct. 198.

The judgment is reversed with a venire facias de novo.