## Rhoades v. Terminal Warehouse Company.

*Negligence — Pleading — Allegata and probata—Variance—Automobile—Standard loose and dragging from truck—Name on truck—Ownership—Evidence.*

1. In a suit against the owner of a truck for personal injuries, the fact that the name of the defendant was on the truck is *prima facie* proof that he owned it, and that it was in charge of his servant or employee.

2. Where, in an action against the owner of a truck for personal injuries, the statement of claim alleges that defendant so operated its truck that it came into collision with a trolley car in which plaintiff was riding, resulting in her injury, the proof is not at variance with the *allegata* where it appears that the contact was with a loose standard connected by a chain with the truck, and that, at the point of contact, the standard bounced up and struck the trolley window at which she was sitting.

3. It is sufficient in such case to plead a collision by general reference to the colliding vehicle, without particularizing the specific part or portion of the vehicle involved in the actual point of collision.

Rule for judgment n. o. v. C. P. No. 1, Phila. Co., June T., 1926, No. 4515.

A. *Sellers* and B. R. *Simons*, for plaintiff; G. G. *Parry*, for defendant.

KUN, J., May 14, 1928.—The plaintiff was a passenger in a trolley car, owned by the Philadelphia Rapid Transit Company, on Lancaster Avenue going west. The car stopped at Forty-seventh Street to load and unload passengers. After starting his car and proceeding a car length or two, the motorman stopped it because he saw defendant's truck half a block away coming towards him on the east-bound track, with one of its standards (wooden upright post supports) out of its socket, dangling and dragging along the road at the end of a chain attached to the side of the truck. The motorman rang his gong and made motions to attract the truck driver's attention. The truck continued coming towards the trolley car, and in passing it the loose standard bounced up and struck the glass window at the place where

plaintiff was sitting, causing broken pieces of glass to cut the plaintiff about her face, and she was otherwise injured.

At the conclusion of the plaintiff's case, the defendant moved for a non-suit on the ground of variance between plaintiff's pleading and her proofs. The motion was denied. The defendant offered no testimony. A verdict was rendered for the plaintiff. Defendant subsequently asked for judgment n. o. v., which was refused. No testimony being offered by the defendant, every fact and inference of fact fairly deducible from the evidence must be found in favor of the plaintiff. The truck, the operation of which was alleged to have caused the injury to the plaintiff, bore the name of the defendant company. This established prima facie proof that defendant was the owner of the truck and that it was in charge of defendant's servant or employee: Holzheimer v. Lit Bros., 262 Pa. 150. No question of contributory negligence is involved in the case. It is clear that on the merits the case was one for the jury: Wolf v. Sweeney, 270 Pa. 97.

On the question of variance: The plaintiff's statement of claim alleges the negligence of the defendant to have been, inter alia, the operation of its truck in such a way as to cause and allow it "to come into contact and collision with the trolley car in which the plaintiff was riding," resulting in the injury to the plaintiff complained of. Because the body of the defendant's truck did not come in contact with the trolley car, but the contact was with the loose standard connected by a chain which the truck was dragging along the road, which, at the point of contact, bounced up and struck the trolley window, the defendant contends there was such a variance as to entitle it to judgment n. o. v. on that ground.

The gravamen of plaintiff's case was that the defendant was negligent under the circumstances in the operation of its truck. The proofs show clearly that a part of the truck, one of its standards, connected with it by a chain, came in contact with the trolley car window. That was the evidence of the plaintiff to support her allegation of collision. The plaintiff was not obliged to plead her evidence, though defendant might have asked for particulars on that point in advance of the trial if it deemed it important to its case. In every case where a collision with a vehicle is charged and proven, the proofs show some particular part of the vehicle as having been in the actual collision. It seems sufficient, in the first instance at least, to plead such collision by general reference to the colliding vehicle without particularizing the specific part or portion of the vehicle involved in the actual point of collision.

What was said by the Supreme Court in Wolf v. Sweeney, supra, is in point in this instance: "In giving binding instructions for the defendant, the learned court below lays stress upon the testimony as to this overhang and seems to have been moved to the conclusion that the plaintiff was depending for his proof of want of care upon testimony as to this fact, which had not been alleged as a ground of negligence in the statement filed; but the claim of the plaintiff did not rest upon such basis. The existence of this projection was a matter which it was the duty of the driver of the car to consider when the effort was made to pass on the narrow road; and the foundation for the action was the failure to use such care in the operation of the motor as a reasonably prudent man should exercise under all the circumstances of the case."

The case was properly one for the jury. The verdict for the plaintiff was in a modest sum. Defendant's motion for judgment n. o. v. was properly refused.