# Banks v. Shoemaker & Company, Ltd., Appellant.

*Negligence—Automobiles—Pedestrians—Foot crossing—Speed—Sudden swerve—Contributory negligence—Case for jury.*

In an action by a pedestrian to recover for personal injuries sustained by being struck by a motor truck, the case was for the jury and a verdict and judgment for plaintiff will be sustained where it appeared that the accident occurred while plaintiff was crossing a street; that when plaintiff reached the center of the street he saw defendant's automobile approaching, about 120 yards away; that

the advancing machine approached at such speed that it was almost upon him before he could reach the curb; that in an attempt to avoid being struck, plaintiff stepped backward, that the automobile swerved in the same direction, that plaintiff then went quickly forward, that the automobile again pursued him, and struck him when within six or ten feet of the curb, the machine running up upon the pavement before coming to a stop; that the chauffeur of the truck made no serious attempt to stop it before the collision, although he admitted having seen the plaintiff when at least 269 feet distant from the point of the accident and that he could have stopped the truck at any time within ten or twelve feet.

Argued Jan. 17, 1918. Appeal, No. 231, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1916, No. 4091, on verdict for plaintiff in case of Robert Banks v. M. L. Shoemaker & Co., Ltd. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before ROGERS, J.

From the record it appeared that the collision occurred at a regular foot crossing at a street intersection.

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $8,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Ruby R. Vale,* for appellant.—There was no evidence of negligence on the part of defendant's driver.

Plaintiff's negative testimony that he did not hear any warning given cannot prevail against the overwhelming and positive testimony of two witnesses that the driver's duty was performed: Keiser v. Lehigh Valley R. R. Co., 212 Pa. 409; Anspach v. Philadelphia & Reading Ry. Co., 225 Pa. 528; Davis v. Osborn, 62 Pa. Superior Ct. 291; Hall v. West Jersey & Seashore R. R. Co., 241 Pa. 399.

Plaintiff was guilty of contributory negligence: Black v. Philadelphia Rapid Transit Co., 239 Pa. 463; Harris v. Commercial Ice Co., 153 Pa. 278; Kaufman v. Nelson, 225 Pa. 174; King v. Thompson, 87 Pa. 365; Robb v. Connellsville Boro., 137 Pa. 42.

*Francis M. McAdams*, with him *William H. Wilson*, for appellee.—The case was for the jury. Vehicles have the right of way on the portion of the highway set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians: Virvilio v. Walker, 254 Pa. 241, 245; Lorah v. Rinehart, 243 Pa. 231; Dougherty v. Davis, 51 Pa. Superior Ct. 229; Kerbaugh v. U. S. Express Co., 58 Pa. 550; Van Winkler v. Morris, 46 Pa. Superior Ct. 142.

The fact that the accident happened at a street which does not run all the way through is immaterial, because the rights and duties are the same thereon as on a street which completely intersects another: Lorah v. Rinehart, 243 Pa. 231; Miller v. Tiedeman, 249 Pa. 234; Wright v. Pittsburgh Rys. Co., 223 Pa. 268; Kennedy v. Consolidated Traction Co., 210 Pa. 215.

OPINION BY MR. JUSTICE MOSCHZISKER, February 18, 1918:

Plaintiff was knocked down and injured by a motor truck belonging to and under the control of defendant company; he sued in trespass and recovered a verdict, upon which judgment was entered. Defendant has appealed, and its assignments of error all center around the refusal of the court below to enter judgment n. o. v.

In view of the verdict, it may be stated that the accident happened under the following circumstances: On a clear day, October 7, 1916, about three o'clock, plaintiff came out of a store on the north side of Girard avenue and proceeded to cross that thoroughfare, walking south-

ward upon a footway leading to Earl street, which latter runs southward at right-angles to Girard avenue, from the south side thereof, but does not extend northward therefrom. Girard avenue at this point is 120 feet wide from house to house and 88 feet between curbs, and the center is occupied by a double-track car line on each side of which is a driveway about thirty-five feet wide, the northern one being for westbound and the southern for eastbound traffic. There were no vehicles of any sort, other than defendant's machine, moving upon the street at or about the time of the accident. When plaintiff reached the center of the avenue, he looked to the west and saw defendant's automobile some 120 yards away. He continued toward the south curb, keeping in view the advancing machine; but the latter approached at such speed that it came almost upon him before he could reach the curb. In an attempt to avoid being struck, plaintiff stepped backward, toward the center of the street, but the automobile swerved in the same direction. Plaintiff then went quickly forward, but the automobile again pursued him; and, when within six to ten feet of the curb, he was struck, knocked down and badly injured, the machine running up on the pavement before it came to a stop.

The chauffeur admitted that he saw plaintiff crossing Girard avenue when the automobile was at least 269 feet distant from the point of the accident, and that he could have stopped at any time within ten or twelve feet; but apparently he made no serious attempt to do so before the collision occurred.

While the chauffeur and his assistant testified that they were going at the rate of nine miles an hour, yet, from the evidence as to the movements of both plaintiff and the automobile, it is manifest the latter must have traveled at a very much higher speed.

All the issues in the case, including the negligence of defendant and alleged contributory negligence of plaintiff, were properly submitted to the jury. We are not

convinced the trial judge should have given binding instructions for defendant or that the court in banc erred in refusing to enter judgment n. o. v.

The assignments are all overruled and the judgment is affirmed.