# Schoepp *v.* Gerety, Appellant.

*Negligence—Automobiles—Pedestrian—Crossing—Case for jury.*

1. In an action by a pedestrian struck and injured by defendant's motor truck at a crossing, the case is for the jury, where the evidence for plaintiff tends to show that defendant's driver approached a point where the street on which he was driving intercepted but did not cross another street, so that he had to turn one way or the other at the intersection; that the street was slippery at the time of the accident; that plaintiff stopped and looked and then attempted to cross the street on which the truck was approaching, but before reaching the opposite side was struck by the machine; that as the driver applied the brakes, the car skidded and swung around, striking plaintiff with such force as to throw him into the air; and that the truck turned around completely three or four times before finally coming to a stop against the curb.

2. In such a case the action of the car upon the application of the brakes, and the position in which it was at the time it finally stopped, might warrant the inference that it was traveling at a much higher speed than that claimed by the driver, or that, regardless of the question of actual speed, he failed to have it under such control as the condition of the street and the position of plaintiff required.

Argued Jan. 17, 1919. Appeal, No. 115, Jan. T., 1919, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1917, No. 1450, on verdict for plaintiff in case of Gustav Schoepp v. John A. Gerety. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McMICHAEL, P. J.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned,* among others, was refusal to enter judgment for defendant n. o. v.

*W. W. Smithers,* for appellant.

*W. F. Ellwanger,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 10, 1919:

Defendant appeals from a verdict in favor of plaintiff in an action for injuries sustained by being struck by defendant's motor truck at a street crossing. The question for determination is the sufficiency of the evidence of defendant's negligence to take the case to the jury.

Plaintiff was walking southward on Thirty-second street, in the City of Philadelphia, and, according to his testimony, upon reaching Arch street stopped and looked for passing vehicles; seeing none he proceeded to cross Arch street, and before reaching the opposite side was run down by an autotruck driven by defendant's servant. Plaintiff was unable to give a further account of the accident; two witnesses, Penrose McMichael and Edward McMichael, however, called on his behalf, testified they were driving northward on Thirty-second street toward Arch. Penrose McMichael stated he saw defendant's truck coming east on Arch street, that the car skidded and swung around striking plaintiff with such force as to throw him "about six feet in the air." The other witness, Edward McMichael, testified to being about fifty yards from Arch street when he saw defendant's truck swing round on Arch street and plaintiff "fly in the air right by the crossing." Both witnesses agree that the truck turned around completely three or four times before finally coming to a stop against the curb on the east

side of Thirty-second street. Snow and rain were falling at the time and both streets were in a slippery condition. Defendant's driver testified he was driving south on Thirty-second street and saw plaintiff crossing Arch street, walking in the same direction his truck was going, that before reaching the opposite side of Arch street plaintiff turned suddenly with the evident intention of crossing to the east side of Thirty-second street and, to avoid striking him, a quick turn of the truck was made causing it to skid and swing around, the rear end of the body striking plaintiff. The contradictory testimony as to the direction defendant's truck was traveling and the action of the machine at the time of the accident, raised questions of fact for the jury, unless, as argued by appellant, the evidence of defendant's negligence was insufficient to be submitted to them.

At the place of the accident Arch street intersects Thirty-second street, not crossing it, however, as the tracks of the Pennsylvania railroad adjoin and parallel the east side of the latter street; consequently, if defendant's truck was approaching eastward on Arch street, as stated by plaintiff's witnesses, it necessarily must turn either north or south on Thirty-second street. No positive evidence was produced by plaintiff tending to show the speed of the truck as it approached the crossing, and, on the other hand, defendant's driver testified he was traveling at a speed of about eight or ten miles an hour. The trial judge permitted the jury to infer from the circumstances of the accident and the action of the truck, as well as its position when finally stopped, that it was not under proper control as it approached the crossing. This testimony did not in itself establish defendant's freedom from negligence as matter of law. The action of the car upon the application of the brakes, and the position in which it was at the time it finally stopped, might warrant the inference that it was traveling at a much higher speed than stated by the driver, or that, regardless of the question of actual speed, he failed

to have it under such control as the condition of the street and the position of plaintiff required: Banks v. Shoemaker, 260 Pa. 280. The rights of plaintiff and of defendant's driver at the crossing were mutual, and each was bound to use such care, in view of the presence of the other, as the circumstances warranted: Streitfeld v. Shoemaker, 185 Pa. 265-268; Lewis v. Wood, 247 Pa. 545, 550-1. The driver was certainly aware of the slippery condition of the streets and presumably of the tendency of his truck to skid upon sudden application of the brakes; hence, it was his duty to approach the crossing with due regard to the rights of pedestrians; whether he did so or not, the distance his car slid and the violence of the movement were matters properly for consideration in determining if, under the circumstances, he performed his duty.

The judgment is affirmed.