# Vespe *v.* Rosen, Appellant.

*Automobiles—Accidents—Passengers—Hired vehicles—Liability of owner.*

In an action to recover damages for injuries sustained in an automobile accident, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence is that the plaintiff was riding in a car driven by defendant's chauffeur and that the latter, in attempting to pass another automobile on a wet street turned his machine sharply, causing it to skid and strike a telegraph pole so violently that the front of the automobile was damaged and the occupants thrown violently forward and the plate glass windows behind the chauffeur were broken, causing injuries to the plaintiff. The progress of the machine and its violent impact with the pole, was sufficient to support the inference that, under all the circumstances, it was not handled with the prudence of the ordinary driver or the degree of care required by the attending circumstances.

It is also a question for the jury whether at the time of the accident the chauffeur was an employee of the defendant and engaged in his master's business.

Argued October 12, 1920. Appeal, No. 48, Oct. T., 1920, by defendant, from the judgment of the Municipal Court of Philadelphia, April T., 1919, No. 494, on verdict for the plaintiff in the case of Margaret Vespe, by her father and next friend, Vito Vespe, and Vito Vespe, v. Jacob Rosen, trading as Rosen Brothers. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff for $150 and judgment thereon. Defendant appealed.

332, (1921).] Assignment of Errors—Opinion of the Court.

*Errors assigned* were the charge of the court and answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*Alvin L. Levi,* and with him *David Mandel, Jr.,* and *Julius C. Levi,* for appellant.—The defendant was not responsible for the action of the chauffeur at the time the accident took place: Puhlman v. Excelsior Express and Standard Cab Co., 259 Pa. 393; Tarr v. Hecla Coal & Coke Company, 265 Pa. 519; Crouse v. Lubin, 260 Pa. 329; Dunmore v. Padden, 262 Pa. 436.

*John Garaguso,* and with him *Warren C. Graham,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

The plaintiff was one of several passengers riding in an automobile returning from the cemetery after a funeral. An accident occurred and the plaintiff was injured.

There are two questions involved. One, whether there was sufficient evidence of negligence, and second, was the defendant responsible for it? We think both of these questions were properly submitted to the jury upon evidence which warranted the submission. The driver of the automobile was proceeding in a fast manner. It was a rainy day. In attempting to pass another automobile he gave a sharp turn to the machine and while in the car track the automobile in some manner skidded and struck the telegraph pole on the pavement so violently that the front of the automobile was damaged, the occupants thrown violently forward, and the plate glass windows behind the chauffeur were broken. It is true that the testimony that the machine was going "very fast" would not in itself be proof of negligence, but the circumstances as here narrated, formed a sufficient basis for a finding of negligence. The progress of the machine after it was turned to the left and its violent impact with the pole would support the inference

that under all the circumstances, it was not handled with the prudence of the ordinary driver or the degree of care required by the attending circumstances.

As to the reply of the defendant, it is argued that the car and driver were rented to the undertaker to conduct the funeral, and that therefore the owner of the car was not liable, he having no control over the operations of the car. The facts, however, show that the undertaker had control of the cars only to the cemetery. He testified that after the burial the drivers were not under his instructions, and took their own course in order to get home. It seems the contract of hiring was over when the burial was completed. The learned trial judge submitted the question as to whether at the time of the occurrence, the chauffeur was the servant and employee of the defendant and engaged in his master's business. The verdict settled the question in the affirmative.

All the assignments of error are overruled and the judgment is affirmed.