## Marshall *v.* Roberts, Appellant.

*Negligence—Automobiles—Driving on left side—Accident on
right side—Turning to left—Sudden peril—Question for jury.*

Evidence that the plaintiff's automobile was being driven up
hill at a moderate rate of speed, on the right side of the road,
when it met defendant's car coming down, on the same side, at a
very rapid rate, and that they collided because both turned in the
same direction to avoid an accident, is sufficient to require sub-

mission of the case to the jury, and is sufficient to justify a verdict for the plaintiff.

It is for the jury to decide what a witness intended to say. The trial court properly left the question of negligence to the jury, where the plaintiff, by a slip of the tongue, said that the defendant was on the right side of the road, and elsewhere in her testimony repeatedly said he was on the left side.

The fact that two machines were on the defendant's right-hand side of the road when a collision occurred is not sufficient to compel an inference of negligence against the plaintiff.

The court was not bound to hold the plaintiff's chauffeur negligent in veering to the left side of the road, when he had been driving on the extreme right edge, and was in immediate peril from the approaching car of the defendant, which was on the same, and, for it, the wrong, side of the road.

Argued December 13, 1921. Appeal, No. 185, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1919, No. 1714, on verdict for plaintiff, in the case of Lillian B. Marshall v. J. Franklin Roberts. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff in the sum of $625. Defendant appealed.

*Errors assigned,* among others, were refusal of defendant's motion for judgment non obstante veredicto, and in refusing various of defendant's points for charge.

*W. A. Hamilton,* and with him *Francis Chapman,* for appellant.—No court is obliged to stultify itself by accepting, as true, something contrary to its own common sense, and its knowledge of physical facts: Lessig v. Reading T. & L. Co., 270 Pa. 299.

There was no evidence of negligence of the defendant which contributed to the accident, caused by the plaintiff's having been on the wrong side of the road.

*J. W. McWilliams,* and with him *C. S. Wesley,* of *Tustin & Wesley,* for appellee.—It is axiomatic that judgment n. o. v. cannot be entered when there is a conflict of evidence as to a material fact: Dalmas v. Kemble, 215 Pa. 410.

It was for the jury to decide between contradictory evidence and ascertain who told the truth: Fullam, Exr., v. Rose, 160 Pa. 47; Thomas v. Law, 25 Pa. Superior Ct. 19; Loeb v. Mellinger, 12 Pa. Superior Ct. 592; Allen v. Line, 11 Pa. Superior Ct. 517.

OPINION BY TREXLER, J., March 3, 1922:

Appellant's appeal is based on the theory that the evidence disclosed no negligence on the part of defendant for which recovery might be had and· therefore the case should not have been submitted to the jury. Considering the testimony submitted by the plaintiff as true, as we are bound in the present state of the case, we can find nothing to support the appellant's contention.

The plaintiff, riding in an automobile owned by her employer passed through Fairmount Park, Philadelphia, and turned up Strawberry Hill drive from East River drive. This was on the evening of November 8, 1919, about six o'clock and it was dark. The driver of the car, in which the plaintiff was, drove up the hill at a moderate rate on the right side of the road. As it proceeded, the defendant's car came down the hill at a very rapid rate of speed and on the defendant's left side of the road. He continued to come on the wrong side of the road until the cars were only about twenty-five feet apart, when the driver of the plaintiff's car, to avoid a collision, turned sharply to the left. At the same moment the defendant swerved his car to the right and the two cars collided, the plaintiff sustaining the injuries com-

plained of. These were the facts to which the plaintiff and the driver of the car which she occupied, testified. It was denied by the defendant and his witnesses but, we are not now concerned about the defendant's branch of the case. Certainly the testimony produced by the plaintiff required a submission to the jury and if they accepted it as true, there was enough to justify a verdict in her favor.

Considerable emphasis is laid upon the fact that near the beginning of the plaintiff's testimony, she stated, "We were on the right side of the road going up the hill and he was on the right side coming down." Q. "On your right side?" A. "Yes sir, it was on his right side." But this was a mere slip of the tongue for before this, the plaintiff had stated, "We saw the other car coming down the hill on the same side we were on" and she repeated this throughout her testimony. The statements right and left are purely relative and a witness can very easily make a wrong statement in regard to them. We think appellant's attorney has put entirely too much stress upon this feature of the case. In any event, we cannot confine her narrative to a statement of fact that was evidently inadvertently made. It was for the jury to decide what she intended to say. Nor can we agree with the appellant that any inference of negligence must be drawn as against the plaintiff, by reason of the fact that the two machines were on what was the defendant's right side of the road when the collision occurred. This was entirely consistent with the plaintiff's version of the occurrence. The court was not bound to hold that the plaintiff's chauffeur was negligent in veering to the left side of the road, when he was in immediate peril from the approaching car of the defendant, which then was on the wrong side of the road. He stated that he could not turn over to the right because he was at the limit of the road on that side. His turning to the left may have been his last resort.

All these matters were for the consideration of the jury and the lower court very properly declined to enter judgment for the defendant.

The assignments are overruled and judgment is affirmed.