# Ferrell *v.* Solski, Appellant.

*Negligence—Automobile — Guest — Contributory negligence — Ordinary care—Unusual circumstance not to be anticipated.*

1. A driver of an automobile is bound to exercise ordinary care to prevent harm to a guest whom he has invited on a pleasure trip in his car.

2. The guest cannot be charged with contributory negligence, where he was seated in the rear seat, while the car was going at a uniform rate, and, when the car struck a depression and swerved, he could have given no effective warning to the driver.

3. The driver cannot be held liable for the death of the guest where it appears that the car was not going at an excessive speed, that it was on the right side of the road, that it struck a depression which swerved it to the left, that the driver turned it in the narrow space afforded him, but not soon enough to prevent it from striking a telegraph pole and overturning.

4. From the mere happening of an accident, no presumption of negligence arises, and drivers are not held liable where their only fault is inability to avoid a collision, under circumstances which are unusual and not likely to be anticipated.

Statement of Facts—Opinion of the Court.   [278 Pa.

Argued October 9, 1923.  Appeal, No. 64, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 1451, on verdict for plaintiff, in case of Pearl B. Ferrell v. Martin Solski.  Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Reversed.

Trespass for death of plaintiff's husband.  Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,300.  Defendant appealed.

Error assigned was, inter alia, refusal of judgment for defendant, n. o. v. quoting record.

William A. Jordan, for appellant.—The legal obligation on the part of appellant, under the circumstances, was to exercise ordinary care: Cody v. Venzie, 263 Pa. 541.

Roland A. McCrady, with him Meredith R. Marshall and John B. Nicklas, Jr., for appellee.—Defendant was negligent: Schoepp v. Gerety, 263 Pa. 538.

The decedent did not concur in the negligence of defendant: Keinath v. Bullock, 267 Pa. 589; Vocca v. R. R., 259 Pa. 45; Beck v. Director Gen., 268 Pa. 571; Jerko v. Rys., 275 Pa. 459; Bollinger v. Sand Co., 232 Pa. 636.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

Solski, the defendant, was the owner of an automobile, and, on September 29, 1921, carried as his guests four friends from Pittsburgh to the Borough of Irwin.  Three of the men, including plaintiff's husband, returned with him in the same car, going west over the Lincoln Highway.  When about three miles from the town, the unfortunate accident which gave rise to this litigation occurred.  Ferrell, whose wife here sues, died as a result, and damages are asked for the loss sustained.  A

nonsuit was denied on the trial, as were binding instructions requested by defendant, and, from the judgment entered on the verdict rendered for plaintiff, this appeal is taken.

The statement claimed deceased was the invited or permissive guest of Solski on a pleasure trip, and, under such circumstances, the latter was bound to exercise ordinary care to prevent harm to his companion. This is the legal rule, and, if the facts show the injury was caused by defendant's failure to use due caution in the management of the motor, the award should be sustained: Cody v. Venzie, 263 Pa. 541. The negligence alleged was the driving around a curve "in a reckless and dangerous manner," at a "high and excessive rate of speed." In considering whether the evidence justified an affirmative finding as to this, the testimony supporting the averment must, of course, be examined in a light most favorable to the plaintiff. There is, however, no substantial conflict, the only dispute being as to the inferences which could properly be drawn from the proven facts.

The three surviving occupants of the automobile were called for one side or the other, and only slight variance is to be found in their statements. The road on which they were driving approached the locus in quo on a wide curve, and was macadamized for a width of from fifteen to eighteen feet. Lines of poles were erected on the north and south, beyond the traveled portion. Solski was moving on the right-hand side, though the testimony of Spargo, as to this fact, is confusing. Examined as a whole, that is a fair statement of the meaning he apparently intended to convey (Marshall v. Roberts, 78 Pa. Superior Ct. 365), and it accords with the evidence of the other witnesses. There was a depression in the highway, and, as the front wheels crossed over, the car was deflected to the left, and its progress not impeded until the opposite side was reached. An effort was made to guide the machine, and head it again to the right. In

making the sudden turn required, the rear was thrown around, and struck a telephone pole. This caused the automobile to be overturned a few feet beyond, crushing the deceased.

There was evidence from all witnesses that the car was not moving faster than twenty-five or thirty miles an hour,—the speed maintained throughout the trip,—and, as Spargo, a witness for plaintiff, stated, was being driven carefully, and under control. He did testify that, when one hundred feet away, he noticed the glare of the sun on the windshield, which affected his vision,—a fact upon which the court below laid stress in the opinion filed,—but we attach little weight to this circumstance, as it did not appear Solski was likewise interfered with, or his management of the wheel thus disturbed. It will be noticed that the time necessary to cover the distance of about forty feet, from the right of the road to the left, was short,—not more than one or two seconds,— assuming the auto to have moved at the speed fixed, which was within the maximum legally allowable: Act May 16, 1921, P. L. 582, section 19. We appreciate there is also found in the same statute a requirement that no motor shall be operated "recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property, or the life and limb of any person," and recovery is not necessarily prevented because the car was proceeding at a less rate than the limit permitted: Wolf v. Sweeney, 270 Pa. 97.

From the mere happening of the accident, no presumption of negligence arises, and drivers are not to be held liable where their only proven fault is inability to avoid a collision, under circumstances which are unusual and not likely to be anticipated. "Negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to apprehend the situation and to act according to the exigency": Eastburn v. United States Express Co.,

225 Pa. 33; Post v. Richardson, 273 Pa. 56; Wingert v. P. & R. Ry. Co., 262 Pa. 21. Here, the evidence justifies the statement that the driver was advancing with reasonable care, on an open country highway, without other vehicles in sight. There was nothing shown in this case which can fairly be said to have put Solski on his guard as to impending danger, and, though inferences, as to proper handling, to be drawn from the circumstances, are ordinarily for a jury (Schoepp v. Gerety, 263 Pa. 538; Cody v. Venzie, supra), yet, if the undisputed facts show the injury to be accidental, and without negligence, liability should not be imposed merely because loss has been sustained. The occurrence under investigation was not one to be anticipated, and, from the moment of striking the hole to the righting of the direction of the car, but an instant of time was occupied. The driver did regain control of the wheel, and attempted to straighten out his machine within the width of the road, indicating he was not regardless of his duties, and the injury resulted from the swinging of the rear. Unless we are to find negligence from the mere happening of the accident, there is no reasonable deduction to be made, charging defendant with liability, which can be other than a guess.

We are not unmindful of the cases approving submission to the jury where the collision of motors was caused by swerving, though the operators were moving within the speed limit. An examination of each will show the presence of other factors which made the ruling necessary. Thus, in McFeeters v. Lee, 274 Pa. 83, the switch which was crossed could be seen, and the wagon, standing by it, called for caution in the attempt to pass. The defendant, in Vespe v. Rosen, 75 Pa. Superior Ct. 332, tried to go around another vehicle on a slippery street, and skidded. In Wolf v. Sweeney, 270 Pa. 97, the two conveyances were moving in opposite directions on a road undergoing reconstruction, and, as a result, much narrowed; and, in Marshall v. Roberts, 78 Pa. Superior Ct. 365, the defendant was on the wrong side of the high-

way, and the accident was occasioned by an effort to turn out at the same time that this was done by an approaching motor. Cody v. Venzie, supra, disclosed the fact that the sudden turn of a light car at rightangles, which defendant voluntarily made on a down grade, while going thirty miles an hour, caused it to upset. In the present instance, defendant was traveling on the right side of the road, and the shifting of his steering wheel cannot be said to have been due to any negligent act of his, but was produced by the depression, and a prompt, though unsuccessful, effort was made to change the direction of the automobile. We are not satisfied the plaintiff met the burden of proof required to establish her claim, and for this reason the judgment must be set aside.

This conclusion makes unnecessary an extended consideration of the second question raised. Appellant insisted deceased was guilty of contributory negligence, which prevents recovery. He was a guest to whom, as already noticed, the exercise of ordinary care was owed: Cody v. Venzie, supra. It was his duty to avoid apparent perils, and, if reasonably possible, hinder the attempted commission of negligent acts, carrying with them the likelihood of injury, if a recovery was to be had: Renner v. Tone, 273 Pa. 10; Martin v. P. R. R. Co., 265 Pa. 282. In the present case, Ferrell was on the rear seat, and traveling at the same speed as maintained throughout the trip. The accident occurred from inability to quickly straighten the car, after the depression was encountered. No effective protest could then have been made by him, and it cannot, therefore, be fairly said the deceased invited the harm by not giving some warning to the driver. At least this was a question for the jury, under the circumstances, and it found for plaintiff.

The judgment is reversed and here entered for defendant.