## Bernstein *v.* Smith, Appellant.

*Automobiles—Collision—Avoidance of collision—Contributory negligence.*

In an action of trespass to recover damages for personal injuries and for the value of an automobile, it appeared that plaintiff seeing defendant's car approaching him, skidding around, and beyond the control of its operator, drove his car as far as possible to the side of the road and stopped. A few seconds later the skidding car of the defendant crashed into him. Under such circumstances the case was for the jury.

It was the duty of the plaintiff to act with such reasonable care as to avoid an accident if that were practicable, but in the emergency he could not be held to the exercise of the best judgment. When it is not clear that the plaintiff did that which a man of ordinary prudence ought not to have done, in a similar situation, a verdict in his favor will be sustained.

Argued Nov. 12, 1925. Appeal No. 260, Oct. T., 1924, by defendant from judgment of Municipal Court of Philadelphia, Aug. T., 1924, No. 1270, on verdict for plaintiff in the case of Charles Bernstein vs. Arthur Dearborn Smith. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries and for value of an automobile. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $1,073.00 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points and refusal of defendant's motion for judgment non obstante veredicto.

*Francis Chapman,* for appellant.

*Simon Garlic,* for appellee.

OPINION BY HENDERSON, J., December 14, 1925.

The plaintiff recovered a judgment against the defendant for injuries sustained in an automobile collision on the highway between Camden and Atlantic City. The appellant contends that the plaintiff was guilty of contributory negligence and that the court should, therefore, have given binding instructions to that effect or should have entered judgment non obstante veredicto.

The defendant's chauffeur, acting for his employer, was driving the latter's car to Atlantic City on the highway known as the White Horse Pike; the time was about noon on July 25, 1924. The plaintiff's evidence was that the car was moving at a speed of thirty-five or forty miles an hour. The day was wet; at a place near Pomona the driver attempted to pass a vehicle in front of him and in so doing turned his car to the left side of the road, in which operation it skidded and reversed its point of direction, the front of the car being turned toward Camden. The plaintiff was driving toward the latter city at this time and, as shown by the evidence in support of the action, the left side of his car was struck by the skidding car of the defendant, with the result that the injury was sustained set forth in the statement of claim. The contributory negligence with which the appellant seeks to charge the plaintiff was that he did not so manage his car as to avoid the contact with the defendant's car. The occurrence of the accident as described by the plaintiff was, that he was traveling twenty or twenty-five miles an hour; that, when he got near the town of Pomona he noticed the defendant's car coming toward him at about forty miles an hour and when it was about one hundred feet away the driver tried to pull out to pass some cars on the plaintiff's left, whereat the car started to skid. The narrative then proceeds:

"Q. He was coming towards you?
A. Yes.

Q.   How far were you separated at that time?

A.   About a hundred feet.

Q.   You were about a hundred feet apart at that time?

A.   Yes.

Q.   Go ahead?

A.   Well, then I slowed up to about eight or ten miles an hour, and when I saw him coming closer, and he had no control of his car,—skidding around— I pulled off to the dirt part of the road and stopped, and just as I stopped about a second or so, he skidded right around and crashed into the side of my car, and knocked me unconscious.

Q.   Well, before you became unconscious, tell me this: Was your car moving or was it at a standstill when the collision took place?

A.   I was standing still then.

Q.   Was your car on or off of the road?

A.   All of it but about a foot and a half, I guess, probably.

Q.   A foot and a half was what?

A.   The rear was standing in the road.

Q.   And the front of it was where?

A.   That was off on the dirt,—I couldn't go any further; it was up against a little embankment there."

This testimony is corroborated by Mr. Morgan who was riding with the plaintiff at the time of the accident. He testified that the plaintiff's car was standing still at the time of the collision; that it could not go any further to the side because there was a bank there. The only witness for the defendant, other than the chauffeur, who saw the collision testified that the end of the plaintiff's car was off the paved road on the gravel when the cars came together. This all occurred so quickly that the defendant's chauffeur did not see the plaintiff's car until the collision occurred.

The contention of the appellant as expressed in the

fifth point is that when the plaintiff saw the defendant's car skidding on the road and swinging across his path it was his duty to stop his car and avoid the collision, and if he did not do this he was guilty of negligence and could not recover. The court declined this request but affirmed the defendant's fourth point as follows: "While it was the duty of the defendant's chauffeur to operate his motor car with care, it was equally the duty of the plaintiff, who was coming from the opposite direction, to have driven in a careful and cautious manner, and to have avoided a collision if it was at all possible to do so, even by stopping his car." The fifth point was properly refused. It assumes the obligation of the plaintiff to adopt a specific course of action in the circumstances. It further assumes that if the plaintiff had stopped his car he would have avoided the collision. The evidence, however, does not warrant such an assumption. The duty of the plaintiff was certainly stated as favorably for the defendant as the facts permitted. The possibility of avoiding a collision is one thing, the practicability of doing so at the instant may be a different thing. The plaintiff, on the proper side of the road, was suddenly put in a position of peril. It was his duty in such circumstances to act with such reasonable care as to avoid an accident if that were practicable but in the emergency he could not be held to the exercise of the best judgment; Cannon v. Pittsburgh Traction Co., 194 Pa. 159. Moreover, if the plaintiff drove to the proper side of the road until he reached an obstruction and his car was at rest when the collision occurred as testified to by him and Mr. Morgan, he had done what the appellant asserted he should have done. If it be contended that he should have stopped before he did it cannot be declared as a matter of law that the situation was such as to have required a prudent driver to have so done. It is not improbable that a moving car could have more readily avoided the danger. In

any view of the case it is not clear that he did that which a man of ordinary prudence ought not to have done in the circumstances.

The judgment must, therefore, be affirmed.