Hatch et al., Appellant, *v.* Robinson.

142

Argued May 6, 1930. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Warren H. Van Kirk,* and with him *Patrick J. Corr,* for appellant.—It was for a jury to determine whether or not the skidding of the car of the defendant was due to his reckless driving under the circumstances: Lorah v. Rinehart, 243 Pa. 231; Wilson v. Consolidated Co., 295 Pa. 168.

*J. Roy Dickie,* of *Dickie, Kier & McCamey,* for appellee.—The mere skidding of an automobile, unexplained, is not necessarily evidence of negligence on the part of the driver: Ferrell v. Solski, 278 Pa. 565.

OPINION BY BALDRIGE, J., July 10, 1930:

This suit is the result of an automobile accident which occurred on the evening of March 10, 1928, at 7:30 o'clock in the open country on the West Run Road between Homestead and Lincoln Place, Allegheny County. Verdict was rendered in favor of each of the plaintiffs, but on motion, judgment was entered for defendant n. o. v.

The plaintiffs testified that they were in a Ford coupe and were about to enter "a pretty large curve" when they saw, for the first time, the defendant's car coming in the opposite direction, about fifty feet distant, skidding across the road at an angle of about forty-five degrees and traveling at the rate of approximately thirty miles an hour; that the road is of brick construction, twenty feet wide, and was level at the point of the accident. Jesse Hatch, Sr., one of the plaintiffs, testified that there was ice on the road "in a few places." Joseph Asson, a motorcycle officer, witness called by the plaintiffs, testified, in part, on cross-examination, as follows:

"Q. Did you notice the condition of the brick at or in the vicinity of the point where you found these two automobiles?

"A. That night the road was very slippery.

"Q. What made it slippery?

"A. Ice.

"Q. There wasn't ice all over the road, was there, Mr. Asson?

"A. The road that night was in very bad condition. There was mud and ice."

It will be noticed that this witness did not specifically answer the question as to the condition of the road at the place of the accident. In view of Jesse Hatch, Sr.'s testimony that the road was a little slippery in a few places, we cannot conclude that Asson was referring to the place of the accident, at least he did not definitely so state.

Bougher, the driver of defendant's car, said that he was driving on the right side of the road toward the middle at the rate of twenty to twenty-five miles an hour, and that is the only evidence of the speed of the defendant's car prior to the accident; that immediately on seeing the automobile of the plaintiffs, which was about fifty to seventy-five feet away, he took his "foot off the gas and let the car slow down" to between ten and fifteen miles an hour and pulled over to the right side of the road. There was a bad hole in the road about one foot deep, two feet wide, and four feet long, with loose bricks surrounding it, which he straddled with his car and had almost passed over it when the rear wheel skidded on a strip of ice which lay between the right curb and the hole, which caused his car to slide into the depression and him to lose control of the steering wheel, and resulted in his car suddenly skidding to the left, coming in contact with the plaintiffs' car. Bougher was unable to see the ice which had formed from the freezing of a small rivulet of water which had seeped from the adjacent field through a break five or six feet long in the curb at that point. This was the only ice that he saw on the road, with the exception of a small amount about a quarter of a mile distant from the place of the accident.

The collision was not of sufficient force to move the plaintiffs' car according to the statement of Hatch, "it remained practically in the same place." When the defendant's car came to rest, it was diagonally across the road about twenty feet away.

Was this evidence sufficient to prove the negligence of the defendant?

It is conceded that the skidding of an automobile does not of itself establish or constitute negligence. It was incumbent upon the plaintiffs to prove that the skidding resulted from the negligent act of the defendant; otherwise, he is absolved from the consequences: Bernstein v. Smith, 86 Pa. Superior Ct. 366; Banks v. Shoemaker, 260 Pa. 280; Vartanian on the Law of Automobiles, p. 203. The plaintiffs aver in their statement that the negligent act consisted in defendant's operating his automobile at a high, dangerous, and unsafe speed. It cannot be said, however, that operating an automobile in the open country at the rate of twenty-five to thirty miles an hour is greater than is reasonable and proper where there is no congested traffic, although there may be an occasional presence of ice or mud. There is no proof that there was any condition present that fairly warned the driver of defendant's car of impending danger and when the car suddenly started to skid and swerve toward the left, it is conceded that the defendant did all within his power to get control of it.

This case is similar to Ferrell v. Solski, 278 Pa. 565, and Simpson v. Jones, 284 Pa. 596. In the Ferrell case, a car was being driven on the right side of the road at a speed that was not excessive when it struck a depression, causing the driver to lose control of the wheel, resulting in the car striking a telegraph pole. The court held that the accident resulted from an inability to quickly straighten the car after the depression was encountered and as such an occurrence could not have been reasonably anticipated, a recovery was

refused. In the Simpson case, the rear end of the automobile of the defendant skidded as the driver attempted to turn slightly to the right. Mr. Justice FRAZER, in affirming a directed verdict for the defendant, said, ''There was nothing in the managing of the car previous to its skidding and collision with the side of the culvert indicating lack of ordinary care in its movement. Plaintiffs proved merely the happening of the accident, which, apparently, was due to the skidding of the rear wheels, under unusual and not to be anticipated circumstances. This alone was insufficient to place on defendant the burden of accounting for the accident.''

We are not unmindful that it is proper to take into consideration the distance which a car travelled after a collision in order to ascertain whether the car was operated carelessly. In Lorah v. Rinehart, 243 Pa. 231, on a crowded street in Pittsburgh, an automobile travelled forty or forty-five feet after the collision before it was stopped. In Wilson v. Consol. Dressed Beef Co., 295 Pa. 168, a two and a half ton truck loaded with five thousand pounds of dressed beef in making a sharp left hand turn collided with a car and moved in a semi-circle until it landed forcibly against another car about ninety feet away. These are examples of cases where the physical facts proved negligence.

The conditions after the accident in the case at bar do not speak so convincingly of negligent operation of a car and are insufficient to convict this defendant of carelessness.

The appellant urges also for our consideration, Schoepp v. Gerety, 263 Pa. 538; Van Winckler v. Morris, 46 Pa. Superior Ct. 142; Bernstein v. Smith, supra. In the Schoepp case, the accident occurred on Arch Street in Philadelphia. Snow and rain were falling. The defendant's truck came out at 32d Street at such a high rate of speed that when he attempted

to turn into Arch Street, he applied his brakes so suddenly that the truck turned completely around three or four times. In the Van Winckler case, the defendant was driving on a slippery street containing street car tracks and in turning across the tracks, the rear wheels caught and skidded at right angles to the track so that "both side wheels were up." The car took a flying jump over the curb where it struck a pedestrian. In the Bernstein case, the defendant was driving at a speed of thirty-five to forty miles an hour on a state highway and attempted to pass a vehicle in front of him and his car skidded, completely reversing.

The cases cited by the appellant are not analogous to the facts in this case. A careful review of all the testimony and the authorities cited convinces us that the conclusion of the learned court below that there was no proof of negligence on the part of the defendant has not been successfully assailed.

Judgment is affirmed.