## Smith et ux., Appellants, v. Gross.

Argued April 25, 1934.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-feld, Parker and James, JJ.

*E. E. McMonigle*, for appellant.

*Charles A. Poth*, for appellee.

Opinion by Parker, J., July 13, 1934:

The plaintiffs, husband and wife, were riding as guests in an automobile owned and driven by defendant when an accident occurred and the plantiff wife was injured. At the close of plaintiffs' case a compulsory nonsuit was granted which the court subsequently refused to remove.

There are but two questions involved, and we are all of the opinion that both should be answered in favor of the appellant. Did the plaintiffs make out a case which entitled them to go to a jury? Did the

court err in striking from the record certain evidence given by the plaintiffs?

A compulsory nonsuit having been granted, the evidence must be considered in a light most favorable to the plaintiffs and all reasonable inferences of fact drawn in their favor. We will so review the evidence. The driver of the automobile was proceeding north a short distance beyond Williamsport in this State on a macadam road at a speed of about twenty-five miles per hour. The driver came up behind another car that was moving at the rate of twenty miles per hour when he attempted to pass. In so doing, he attained a speed of thirty-five or forty miles per hour and came abreast of the other car when he saw a car coming in the opposite direction about two hundred feet away. The road was just wide enough to accommodate two lanes of traffic, one in each direction. The day was misty, it was raining at the time, the road was ''very wet'' and ''very oily,'' and the defendant's car was going down hill. On seeing the approaching car, the driver attempted to resume his place at the rear of the car he was passing and in so doing ''jammed'' his brakes. The back wheel went off the road, the car skidded, turned around, and came in violent contact with a culvert. The plaintiff husband testified with reference to the application of the brakes that the driver made ''a hard application,'' he ''jammed the brakes,'' ''he put all his force on them.'' When the car turned, the plaintiff wife, who was riding in a rumble seat, was thrown into the bushes a distance of ten feet from the road, and the wife of the driver was thrown out on the pavement.

We are not unmindful of the facts that no presumption of negligence arises from the mere happening of an accident, that a swerve or a skid may occur without negligence on the part of the driver of a car, and that it is incumbent on the plaintiffs to prove that the

skidding resulted from the negligent act or acts of the defendant: Bernstein v. Smith, 86 Pa. Superior Ct. 366; Banks v. Shoemaker, 260 Pa. 280, 103 A. 734; Hatch v. Robinson, 99 Pa. Superior Ct. 141, 145. Here, we had such facts. Under the evidence, the surface of the road was very oily and wet, the driver attained a speed of at least thirty-five miles per hour in attempting to pass another car when, while descending a grade, he suddenly made an effort to get on the other side of the road, and with great force applied and jammed his brakes. The progress of the car after it started to skid and its violent impact with the culvert would furnish some support for an inference that the car was not handled with the prudence or the care requisite under the circumstances. The case on its facts is very similar to that of Vespe v. Rosen, 75 Pa. Superior Ct. 332, and it may be readily distinguished from that of Ferrell v. Solski, 278 Pa. 565, 123 A. 493, for in the latter case there was a depression in the highway and as the front wheels crossed over the car was deflected to the left. Under these circumstances, the driver made an effort to guide the machine and steer it again in the right direction but was unable to do so. In that case there was present a condition for which the driver was not responsible which initiated the trouble and one that he should not necessarily have anticipated, for he came suddenly upon it. Here the driver created and was responsible for the emergency when he attempted to pass and came up abreast of the other car on a descending grade on a wet, oily road with another car approaching. When one by his own negligence creates an emergency, he is not excused by reason of the fact that he is in an emergency and has not time to act as he otherwise would do.

The plaintiff husband was permitted on direct examination without objection to describe the manner in

which the brakes were applied. Then on cross-examination he was interrogated on the same subject by the defendant's counsel. On this subject the witness stated that he had driven the car for seven hours shortly before the accident. He was then asked: "Q. I am asking you how hard he jammed the brakes? A. He put all his force on them. Q. How do you know he put all his force? A. Because the car lurched. Q. He did not use the hand-brake? A. No, sir, but the Essex foot-brake or any car you put the brakes on, they take hold right away. Q. Are you an expert on Essex cars? A. I have driven many cars. Q. You never worked on them? A. Well, my sister has an Essex, and I drive it. Q. Therefore, you know exactly what results when brakes are put on, on an Essex car? A. Yes, sir. Q. Do you claim to be an expert along that line? A. No, sir."

On the strength of the statement that he did not claim to be an expert on brakes, the court granted a motion of the defendant to strike from the record all reference to improper applying of brakes. This was clear error. In any event, the order was too broad. The witness had testified on the subject in chief without objection. The answers made on cross-examination were responsive to questions asked by counsel for the defendant. It will be noted that he did not testify that the only reason he knew the driver "put all his force" on the brakes was because the car lurched. Again, it does not require any unusual experience to know that if one driving on an oily, wet pavement suddenly deflects a car moving at thirty-five or forty miles an hour and applies his brakes with great force so that they are jammed, he will skid, for common experience shows that such result is almost certain to follow. It was also a fact for the jury to consider that the skidding was coincident with the application of the brakes. It was for the jury to determine just what

the witness meant when he said he was not an expert. The experience that he detailed did show qualification to answer. As is pointed out by Professor Wigmore (1 Wigmore on Evidence 555), experiential capacity is always relevant to the matter in hand. "The witness may, from question to question, enter or leave the class of persons fitted to answer, and the distinction depends on the kind of subject primarily, not on the kind of person. It is thus, a mistake to think of experiential qualifications as sharply marked off into defined classes." The witness had shown not only his experience in such matters which entitled him to describe the operation of brakes and the results that followed, but he was dealing with a subject which is common knowledge to all persons who have had a reasonable amount of experience in driving cars. The order striking out the testimony should not have been made.

The judgment of the lower court is reversed and a venire facias de novo awarded.