## Wertz, Appellant, v. Shade.

Argued December 11, 1935.

 Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ. 

*E. Arnold Forrest,* for appellant.

*Harry M. Sablosky,* for appellee.

OPINION BY STADTFELD, J., January 31, 1936:

This was an action of trespass wherein plaintiff sued to recover for personal injuries sustained as a result of a collision between defendant's car and a truck in which plaintiff was seated. On the evening of February 5, 1933, the plaintiff was in the employ of the Pennsylvania Department of Highways, and together with several of his fellow employees, was spreading ashes on the Lancaster Pike at or near its intersection with Wynnewood Road in Montgomery County, Pennsylvania, because of the icy condition of the highway at that point. The truck of the Department of Highways was parked on the right hand side of Lancaster Pike, near the said intersection, facing toward Philadelphia.

Plaintiff, at about 9:30 o'clock P. M. went into the cab of the truck and seated himself therein, when the defendant's automobile, coming east on the Lancaster Pike, headed toward Philadelphia, skidded and struck the left front of the truck and plaintiff was thrown out of the truck, allegedly sustaining certain injuries.

6

There was admittedly no contributory negligence on the part of the plaintiff. The case was submitted to the jury on the question of defendant's negligence. The jury rendered a verdict in favor of plaintiff in the sum of $300 for damages, with six cents costs. Defendant moved for a new trial and for judgment non obstante veredicto. The latter motion was allowed in an opinion by CORSON, J. From that judgment, this appeal was taken.

The sole question is whether there was sufficient evidence to warrant the submission of the case to the jury on the question of the alleged negligence of defendant.

Plaintiff was unable to give any account of the accident, as he was rendered unconscious as a result thereof and was taken to the hospital.

J. A. Bate, the only witness on behalf of plaintiff, testified that he was in the employ of the State Highway Department; that the highway was icy and slippery, and it was for this reason that the ashes were being spread; that the Highway truck from which the ashes were being spread and in which the plaintiff was sitting at the time the accident occurred, was parked about one foot from the curb line on Lancaster Avenue near the intersection with Wynnewood Road; that there was stationed about 150 feet back of the truck, a man with red lights and there was a red lantern on the back of the truck; that the ashes had been spread about 100 feet back of the intersection; that the car of the defendant started to skid about 50 feet back of the truck and continued to be out of control from that time until it hit the truck, spun around, ran up over the curb, backend first, and stopped at an iron fence running along the highway; that while the car was so skidding, it was going very fast. As a result of the collision, the plaintiff was thrown out of the truck and rendered unconscious; the truck had to be towed away because of the front axle on the wheel and the spring

on the left side being bent. On cross-examination, he testified that he first saw defendant's car when it was skidding on the road; he did not see what made it skid, nor did he see how fast it was coming down before it started to skid; that at the time of the collision, he had spread ashes or cinders about fifty feet back of the truck.

The defendant's testimony showed that he had been to Newport, Pennsylvania, to visit his parents, and was returning to Philadelphia with his brother, who had driven the car as far as Coatesville, Pennsylvania, where the defendant took the wheel. After leaving Coatesville, the defendant noticed that there were patches of ice along the highway. Somewhere along the road he came up to a big truck, which he described as having six or eight wheels, and a detachable body in the shape of a box car. For about twenty-five or thirty minutes, the defendant remained behind this truck which at no time, went any faster than fifteen miles per hour, and which at times went as slow as ten miles per hour. He did not pass this truck because most of the time, traffic was coming in the opposite direction. Finally, after going through Ardmore, the truck pulled well over toward the right of the street and no traffic was coming in the opposite direction, so that the defendant then proceeded to try to pass the truck. At this time, the truck was going at about fifteen miles per hour. The defendant increased his speed to about eighteen or twenty miles per hour and pulled over toward the middle of the highway. When he got up to within four or five feet of the rear of this truck, it suddenly swerved out into the middle of the highway in front of him for the reason that the Highway Department truck was parked at the curb some distance ahead. The defendant did not know this, because his view was obstructed by the truck in front of him. When this truck pulled out into the middle of the highway,

the defendant pulled over to the extreme left side of the road to avoid a collision with its rear. The defendant, seeing the lights of an on-coming car in the distance, and not wishing to pass the truck on the extreme left lane of the highway, and being still to the rear of the truck, took his foot off the accelerator pedal and slowed down in order to get back to the right side of the road, at a safe distance behind the truck. He then touched the accelerator pedal and turned his car toward the middle of the road. As he did so, the rear end of his car skidded toward the left and swung his car around until it was facing in the opposite direction and sliding backwards in the middle of the road toward the place where the Highway Department truck was parked.. While thus sliding backwards and when almost past the parked truck, the left front of defendant's automobile came in contact with the left front of the parked truck. Defendant's automobile continued on its backward course, after the collision, and came to rest against a fence near the south side of the road.

The damage to the truck, according to the bill sent to defendant by the Highway Department, amounted to $18.75. The damage to defendant's car was negligible, consisting only of a loosened bumper, bent left fender, and a dislodged frame of the left headlight lens.

The burden was on plaintiff to establish negligence on the part of the defendant. There was no evidence of excessive speed, nor that the skidding of the car was the result of careless operation by the defendant. It is well settled law that the mere proof of the happening of an accident is not sufficient to entitle the plaintiff to a verdict in his favor. Furthermore, it is also settled in this Commonwealth that the skidding of an automobile does not of itself, establish or constitute negligence. Hatch v. Robinson, 99 Pa. Superior Ct. 141; Simpson v. Jones, 284 Pa. 596, 131 A. 541; Ferrell v.

Solski, 278 Pa. 565, 123 A. 493; Smith v. Gross, 113 Pa. Superior Ct. 568, 173 A. 478.

In Hatch v. Robinson, supra, this court, in an opinion by our Brother BALDRIGE, said at p. 145: "It is conceded that the skidding of an automobile does not of itself establish or constitute negligence. It was incumbent upon the plaintiffs to prove that the skidding resulted from the negligent act of the defendant; otherwise, he is absolved from the consequences: Bernstein v. Smith, 86 Pa. Superior Ct. 366; Banks v. Shoemaker, 260 Pa. 280; Vartanian on the Law of Automobiles, p. 203. The plaintiffs aver in their statement that the negligent act consisted in defendant's operating his automobile at a high, dangerous, and unsafe speed. It cannot be said, however, that operating an automobile in the open country at the rate of twenty-five to thirty miles an hour is greater than is reasonable and proper where there is no congested traffic, although there may be an occasional presence of ice or mud."

The testimony of Joseph A. Bate that defendant's automobile was traveling "very fast" is too indefinite and general to support a conclusion that the speed was excessive: Fasano v. Phila. Rapid Transit Co., 104 Pa. Superior Ct. 124, 159 A. 219. In addition, his statement was weakened by his admission that he saw defendant's car only after it started to skid. See also Vespe v. Rosen, 75 Pa. Superior Ct. 332.

In the language of Mr. Justice SADLER in Ferrell v. Solski, supra, at p. 569: "...... if the undisputed facts show the injury to be accidental, and without negligence, liability should not be imposed merely because loss has been sustained. ...... Unless we are to find negligence from the mere happening of the accident, there is no reasonable deduction to be made, charging defendant with liability, which can be other than a guess." Likewise in Simpson v. Jones, supra, Mr. Justice FRAZER said, at p. 598: "There was nothing

in the managing of the car previous to its skidding and collision with the side of the culvert indicating lack of ordinary care in its movement. Plaintiffs proved merely the happening of the accident, which apparently was due to the skidding of the rear wheels, under unusual and not to be anticipated circumstances: Ferrell v. Solski, supra. This alone was insufficient to place on defendant the burden of accounting for the accident." See also Johnson v. American Reduction Co., 305 Pa. 537, 158 A. 153.

The absence of chains did not as a matter of law, under ordinary circumstances, constitute such negligence as would warrant a recovery: 3 Huddy Automobile Laws 131, approved in Geiger v. Dowdy, 111 Pa. Superior Ct. 485, 170 A. 420. In the instant case, defendant had driven all the way from Coatesville to the point of collision, about thirty miles, without experiencing any skidding difficulties. It is a well recognized fact that while chains may be useful to obtain traction where the ground is covered with snow, yet in case of an icy highway, such as the testimony indicated, they sometimes add to the danger of skidding. There was no evidence to the effect that the use of chains would have avoided the skidding. In fact, the uncontradicted testimony was to the contrary.

We do not think that the testimony indicated any negligence on the part of the defendant as would warrant a recovery, and believe that the lower court properly entered judgment non obstante veredicto in favor of defendant.

The assignment of error is overruled and judgment affirmed.