Commonwealth v. Shriver

*John W. Mentzer*, district attorney, for Commonwealth.

*John R. Jackson* and *John P. Sipes*, for defendant.

SHEELY, P. J., March 4, 1939.—Defendant is charged with the offense commonly known as "reckless driving". It is alleged that he unlawfully operated a truck "by operating said vehicle upon the highway carelessly and wilfully disregarding the rights and safety of other users of the highway, in so doing forcing the vehicle of one Howard Enos off the highway, contrary to subsection (a), section 1001, article 10, Act 403, P. L. 1929, as further amended by Act 447 approved June 29, 1937." Defendant gave bail for court and at the time for hearing moved to quash the information.

The motion to quash was dismissed because the information was sufficient to inform defendant of the offense with which he was charged: Commonwealth v. Haines, 55 Pa. Superior Ct. 359; and did contain a plain statement of the charge laid: Commonwealth v. Miller et al., 77 Pa. Superior Ct. 469. Moreover, the information charged the offense substantially in the language of the statute which is sufficient in an indictment: Act of March 31, 1860, P. L. 427, 19 PS §261; Commonwealth v. Campbell, 116 Pa. Superior Ct. 180; and should also be sufficient in an information.

It was also contended that the information failed to specify with which of the three offenses defined by section 1001(a) of The Vehicle Code of May 1, 1929, P. L. 905, defendant was charged. That section as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §481, provides that:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle . . . upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property."

We do not agree that section 1001(a) defines three separate offenses. At most it defines two acts which would constitute reckless driving: (1) Driving a vehicle upon a highway carelessly and either wilfully or wantonly disregarding the rights and safety of others; and (2) driving a car upon a highway in a manner so as to endanger any person or property. But there can be no real difference between an act which is in disregard of the rights or safety of others and one which endangers any person or property unless it be that the former means a disregard of the rights or safety of others generally, and the latter means a disregard of the rights or safety of a particular person or of particular property. If an act is done in disregard of the rights or safety of others, it necessarily endangers their person or property, and if it endangers their person or property it is in disregard of their rights or safety. It would seem, therefore, that the phrase "disregarding the rights or safety of others" and the phrase "so as to endanger any person or property," were used in the alternative for the purpose of emphasis, or for the purpose of clarifying what was meant by "disregarding the rights or safety of others," and that they were not intended to define two different situations.

The word "carelessly" means "absence of that degree of care which an ordinary prudent person would use under like circumstances" and is therefore synonymous

4

with negligence. "Wilfully" means "intentionally or purposely". "Wantonly" is defined as "perversely, recklessly, or careless of consequences".

Construing the provisions of section 1001(a) in the light of these definitions and keeping in mind that punctuation does not control or affect the determination of the intention of the legislature in the enactment of a statute: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 53; Commonwealth v. Gilkeson, 18 Pa. Superior Ct. 516; it is apparent that the legislature meant these words to describe the type of disregard of the rights or safety of others which would constitute reckless driving, and intended to define something more serious than mere carelessness or simple negligence. That is, in addition to mere careless or negligent operation, there must also be present an element of wilful or wanton disregard of the rights or safety of others. The same general thought is contained in the definition of involuntary manslaughter, in which the Superior Court held that "an act done in an unlawful manner and without due caution" implies along with negligence a certain element of rashness or recklessness which, in the eyes of the law, approximates an unlawful act: Commonwealth v. Gill, 120 Pa. Superior Ct. 22, 34 (1935).

As we construe section 1001(a), therefore, it provides that any person who drives a vehicle upon a highway in a manner so as to endanger any person or property, carelessly and either wilfully or wantonly disregarding the rights or safety of others, shall be guilty of reckless driving.

The testimony in the case indicated that defendant was operating a tractor and trailer on a hill west of McConnellsburg on the evening of January 13, 1939, when the highway was covered with newly-fallen snow and was very slippery. As the truck negotiated a left-hand curve in the highway it skidded to the inside of the curve and thereby forced a car coming in the opposite direction into a snowbank. There was no testimony showing any

negligent operation of the truck on the part of defendant which caused the truck to skid. The Commonwealth seeks to support the charge solely on the theory that defendant was guilty of the offense of reckless driving by operating a heavy truck on a slippery highway without chains.

It has been held repeatedly that the skidding of an automobile or truck does not of itself establish or constitute negligence, and that it is incumbent upon the parties alleging negligence to prove that the skidding resulted from some negligent act of defendant, otherwise he is absolved from the consequences: Bernstein v. Smith, 86 Pa. Superior Ct. 366; Banks v. Shoemaker & Co., Ltd., 260 Pa. 280; Schoepp v. Gerety, 263 Pa. 538; Hatch et al. v. Robinson, 99 Pa. Superior Ct. 141. Of course, if the skidding resulted from the careless operation of the automobile the mere fact that the car skidded does not relieve the driver from liability: Healey v. Robertson, 101 Pa. Superior Ct. 342 (1931); Cook et al. v. Miller Transport Co., Inc., 319 Pa. 85 (1935).

We know of no case in Pennsylvania which holds that the mere absence of chains, of itself, would constitute negligence. In 58 A. L. R. 268, appears a note citing a number of cases from other jurisdictions holding that where no chains had been used on the skidding car the driver has been at times absolved from the charge of negligence under the particular circumstances, while in other jurisdictions the fact that no chains were used has been stressed in holding that the motorist could not excuse his negligent conduct on the theory that the skidding of the car was unavoidable or, at least, that the question of his negligence was for the jury.

As indicated in Millikin v. Richhill Twp., 67 Pa. Superior Ct. 326, 331 (1917), men are not obliged to stay off the public roads because they happen to be slippery. Nor are we prepared to hold that the failure to equip with chains a car operated on a slippery road would constitute simple negligence under all circumstances. It is a well-

known fact that there are many times when the use of chains on a slippery road will not prevent skidding and may even increase the hazard, and that able drivers do not agree on the efficacy of chains.

While we would not say that failure to use chains under some conditions may not be considered by a jury in determining negligence, we do hold that the mere absence of chains is not sufficient to constitute reckless driving under our construction of section 1001(a) of The Vehicle Code. For these reasons we found defendant not guilty and discharged him without day.